## No. 9558.

### ALPHONSE MARTIN vs. CITY OF NEW ORLEANS ET ALS.

Under Article 207 of the Constitution the capital, machinery and other property employed in the manufacture of articles of wood is exempt from taxation, although the same be used as well for purposes which would not entitle the owner to exemption, if he exclusively thus used it.

In such case, such property is partly taxable and partly not, in proportion of its relative value as employed or used in each business.

Martin vs. New Orleans et als.

Principle applied to a saw mill and appurtenances employed to manufacture raw materials and articles of wood, but not extended to *vessels* used to convey timbers for saw mill purposes and which is sold in the market and dressed in the articles of wood.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*Chas. S. Rice* for Plaintiff and Appellee.

*W. H. Rogers*, City Attorney, and *Blanc & Butler* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The object of this proceeding is to annul the assessment made of property owned by the plaintiff, *and which* he alleges is employed in the manufacture of articles of wood.

The defense is a denial of the exemption claimed.

From a judgment reducing the assessment from $42,675 to $17,170, i. e., by forty per cent, the defendant appeals.

The facts do not appear to be disputed.

One witness only was sworn, the plaintiff, and it is admitted that, if another witness was heard, he would testify to the same purpose.

It is established by this testimony that, during the year 1884, plaintiff was engaged in the saw mill business, in which he had invested a capital represented by real estate, machinery, horses, vessels and active money.

It also shows that the vessels were employed in towing timber through rivers, lakes and bayous to this city, where it is sawed into planks and other raw lumber; part to be sold on the market and part to be converted by plaintiff into articles of wood, such as doors, sash and blinds, boxes, lathes, necessary for the construction of buildings and put in shape and style ready for immediate use.   Some fifteen hands were employed in this last business.

The relative value of the property employed in the saw mill business proper is *sixty* per cent, while that used in the manufacture of articles of wood is *forty* per cent.

Article 207 of the Constitution, on which plaintiff relies, expressly exempts from taxation, during ten years from the adoption of the Constitution, " the capital, machinery, and other property employed in the manufacture of  *  *  *  furniture and other articles of wood  *  *  * *provided*, that not less than five hands are employed in any one factory."

In the case of Jones vs. Rainés, 35 Ann. 998, we had occasion to consider the meaning and purview of this article, an attempt being made to extend the immunity which it accords, so as to apply to *saw-mills*. We there held that, while it proposes to exempt *some* it did not *all* manufacturers; and that were to be considered as protected by its provision, only such as are specially enumerated in it. We accordingly decided that, as *saw-mills* did not enter into the contemplation of the framers of the organic law and had not been enumerated in the article, they could not be placed beyond the reach of the tax gatherer.

In the cases of City vs. LeBlanc and vs. Beck, 34 Ann. 596, we took pains to define who the manufacturers are, whom the previous article (206) exempts from *license*.

Applying the rulings in those cases to the present controversy, it is manifest that the property, of whatever nature, which is used in the saw mill business proper, that is, in the manufacture of raw materials, namely: of lumber, not ready for use, as are "furniture and other articles of wood," is not exempt from taxation.

The case is different, however, as to the property which is used for the manufacture of articles of wood, ready for use by the consumer.

The argument that the character of plaintiff's business must be determined by its principal and not by its incidental features, though apparently plausible (surely ingenious), is not entitled as a test to much weight, either to ascertain the nature of plaintiff's calling, avocation or pursuit; or to declare that of the property employed by him in his transactions.

It is clear that it was optional with the plaintiff to have used all the property in question exclusively, either in the manufacture of raw materials, or in that of articles of wood ready for use.

In the former case, the property representing a saw mill, preparing lumber to be dressed, would have been taxable in its entirety. In the latter, it would have been exempt from all taxation whatever.

It is, however, difficult to perceive, how and why, in the absence of any prohibitory clause in the Constitution, the plaintiff should not be recognized the right to employ that property to both uses.

Denying the plaintiff this important privilege would be to do violence to the Constitution by interpolating in it a restriction which, it does not appear, the framers of it intended to interpose.

The same article, in its first part, exempts from taxation "all places of religious worship or burial, all charitable institutions, all buildings and property used *exclusively* for colleges," etc.

The word *exclusively* is employed *ex industria*, to limit the exemption, to property exclusively used for church, charitable and school purposes.

It was not inserted in the further part of the article, attending to property employed in the manufacture of certain articles. Had the intention of the framers of the Constitution been to exempt *only* such property as would be *exclusively* employed in such manufacturing, they would have unequivocally expressed it; but they have remained perfectly reticent on that qualification. It does not, therefore, appertain to this Court to incorporate it in that provision; the less so, as in the case of Jones vs. Rains, it was formally announced that the object of the exemptions created by it was to encourage and foster the establishment of manufactures of the various articles daily needed by the people.

It does not, however, follow, that all the property assessed is entitled to the exemption recognized by the district court.

It is impossible to conceive how the vessels employed to procure the timber, can be justly entitled to the immunity. They are used to bring the timber necessary for the saw mill which manufactures primarily the raw materials to be dressed.

They are not used directly for the purposes of the manufacture of articles of wood, ready for immediate use by the consumer.

As well might the plaintiff claim, were he the owner of the lands from which the timber is felled, that such lands are likewise exempt, as they represent capital employed in the manufacture of articles of wood.

It is, therefore, ordered and decreed, that the judgment appealed from be amended by striking therefrom the words "upon vessels to the extent of twenty-two hundred dollars" and that thus amended the same be affirmed, plaintiff and appellee to pay costs of appeal.