360      MIDDLE DISTRICT, 1889.

Statement of Facts.

## COMMONWEALTH v. MAHONING ROLL. MILL CO.

APPEAL BY THE PLAINTIFF FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 6, 1889—Decided June 28, 1889.

The portion of the capital of a manufacturing corporation invested in dwelling houses built to be leased to its employees, does not differ materially from any other investment made outside of its business as such a corporation, and is not exempted by § 20, act of June 30, 1885, P. L. 193, from the state tax imposed by § 4, act of June 7, 1879, P. L. 112 : Commonwealth v. Lackawanna Iron & Coal Co., ante, 346.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 40 May Term 1888, Sup. Ct.; court below, No. 20 March Term 1887, C. P.

On December 1, 1887, the auditor general and state treasurer upon report made by the Mahoning Rolling Mill Company, made a settlement of account for taxes against said company, as follows :

"For tax on capital stock, per act of June 7, 1879, for the year ending first Monday of November, 1887, as per report herewith filed. Incorporated January 13, 1887.

"Dividend, 15 per cent on capital stock of $50,000.

"Tax, 7½ mills, (one half mill for each one per cent of dividend,)   .   .   .   .   .   .   .   .   $375.00

"Due commonwealth   .   .   .   .   .   .   $375.00

"Interest at 12 per cent from 60 days after date of settlement."

Thereupon the company appealed from said settlement and filed specifications of objections averring :

1. The Mahoning Rolling Mill Company was not in existence during the whole of the year ending with the first Mon-

Decision of Court below.

day of November, 1887, having been incorporated January 13, 1887, and was not, therefore, in any event, chargeable with a whole year's tax, but only for that portion of the year between January 13, 1887, and the 1st Monday of November, 1887.

2. The Mahoning Rolling Mill Company is solely and exclusively a manufacturing company, and has not, since the day of its incorporation, been engaged in any business nor has any portion of its capital been invested or used for other than that of manufacturing purposes. The act of June 7, 1879, P. L. 112, under authority of which the tax in said settlement purports to have been charged, was, in so far as it imposed any tax upon the capital stock of manufacturing corporations, repealed by the twentieth section of the supplement to the said act, approved June 30, 1885, P. L. 193, and the said tax is therefore erroneously and illegally charged against the said company.

3. All laws imposing taxes upon manufacturing corporations were repealed by the twentieth section of the act of June 30, 1885, P. L. 193. The Mahoning Rolling Mill Company is a manufacturing corporation, and there is not now, and was not, at the date of the settlement of the said account by the auditor general and state treasurer, any act of assembly authorizing the imposition of the tax charged in said settlement, or of any tax whatever, upon the said company, or upon its capital stock, for the whole or any part of the year ending with the first Monday of November, 1887.

The parties having submitted the cause to the decision of the court, without a jury under the provisions of the act of April 22, 1874, P. L. 109, a hearing was had on January 31, 1888, and subsequently the court, McPHERSON, J., filed the following decision:

### FINDINGS OF FACT.

1. The defendant is a corporation of this commonwealth, chartered on January 13, 1887, under the general corporation act of 1874. Its authorized capital stock is $50,000, and its paid-in capital is $37,500.

2. With an unimportant exception, its business is that of converting pig-iron, old rails and scrap into a form of wrought-iron known as skelp, which is adapted to the manufacture of

Decision of Court below.

pipes. The process is twofold: first, puddling, and afterwards finishing. About $\frac{21}{371}$ of its capital is invested in dwellings which are reasonably necessary for the use of its employees.

3. Upon June 1, 1887, the defendant declared a dividend of fifteen per cent upon $50,000. This settlement is based upon § 4 of the act of 1879, and charges the defendant with a tax of $7\frac{1}{2}$ mills upon a capital stock of $50,000, for the tax year ending the first Monday of November, 1887.

CONCLUSIONS OF LAW.

The defendant is conceded to be a manufacturing corporation, and the only question for decision is, whether that portion of its capital stock invested in dwellings is taxable, notwithstanding § 20, act of July 30, 1885, P. L. 193, which abolishes the tax on manufacturing corporations. The commonwealth asserts that this portion of its stock is not employed for manufacturing purposes, and therefore remains liable to taxation under the act of 1879.

Difficult questions may arise in this matter of apportionment, but the present case seems to be fairly clear. Clause 7 of § 39 of the corporation act of 1874, P. L. 102, gives power to manufacturing corporations to " take, hold and convey such real and personal estate as is necessary for the purpose of [their] organization." This language is in part explained by clause 12, which provides that such corporations " may from time to time acquire and dispose of real estate, and may construct, have or otherwise dispose of dwellings and other buildings." This must include dwellings for the use of employees; for a manufacturing corporation is much more likely to need these than any other, and the legislature has thus in effect declared that such dwellings may be necessary for the purposes of its organization. Of course this necessity must be reasonable. In some cases, for example, that of a blast furnace in the mountains remote from towns, the need of dwellings is apparent; while in others, it might perhaps appear that the corporate purpose was not mainly in view, but that the chief object was to make a profit out of the rents. [Each case must stand upon its own facts; but we think the act of 1874 allows a portion of the capital stock of a manufacturing corporation to be put into dwellings which are reasonably necessary for the use of its employees, and that such an investment is carrying out the pur-

pose of its organization.   While thus invested, the act of 1885 relieves this portion also from the tax now claimed.] [1]

Upon the facts found above in paragraph 2, the whole of defendant's capital stock is exempt from taxation under the act of 1879, and we therefore direct judgment to be entered for the defendant, if exceptions are not filed according to law.

To the foregoing decision the commonwealth filed exceptions specifying that the court erred:

1. In finding, as a matter of fact, that about $\frac{21}{271}$ of the capital stock of the defendant company was invested in dwellings which are reasonably necessary for the use of its employees.

2. In the conclusion of law embraced in [ ] [1]

3. In directing judgment nisi for the defendant.

4. In not holding that the exemption clause of the act of 1885 applies only to such corporations as invest and use their whole capital stock in manufacturing and to none other.[2]

On May 19, 1888, the court overruled the foregoing exceptions and directed that judgment be entered for the defendant, in accordance with the decision filed.

Thereupon the commonwealth took this appeal, specifying that the court erred:

1, 2. In overruling the plaintiff's exceptions.[1] [2]

3. In not entering judgment in favor of the commonwealth for the amount of tax claimed.

4. In entering judgment for the defendant.

*Mr. John F. Sanderson*, Deputy Attorney General, (with him *Mr. William S. Kirkpatrick*, Attorney General), for the appellant.

Counsel cited: Crawford v. Burrell Tp., 53 Pa. 219; Delaware R. Tax, 18 Wall. 206; Cooley on Taxation, 204, 205; Railroad Co. v. Berks Co., 6 Pa. 70; Wayne Co. v. Canal Co., 15 Pa. 351; West Chester Gas Co. v. Chester Co., 30 Pa. 232; Lackawanna I. & C. Co. v. Luzerne Co., 42 Pa. 424; Milwaukee R. Co. v. Milwaukee, 34 Wis. 271; State v. Mansfield, 3 Zab. 510; State v. Flavel, 4 Zab. 270.

*Mr. M. E. Olmsted*, for the appellee.

Counsel reviewed the cases cited by the appellant and him-self cited: McCulloch v. Maryland, 4 Wheat. 317.

OPINION, MR. JUSTICE STERRETT:

The tax account of defendant company with the commonwealth, per act of June 7, 1879, for the fiscal year ending first Monday of November, 1887, was stated by the auditor general, December 1, of that year, as follows, to wit:

"Dividend, 15 per cent on $50,000 capital stock. Tax, 7½ mills (one half mill for each one per cent of dividend), $375.

"Interest at 12 per cent from sixty days after date of settlement."

The company appealed from that settlement, and contended that, as a manufacturing corporation, its capital stock was wholly exempted from taxation by the following section of the supplement, June 30, 1885, viz.:

"Sect. 20. That the taxes laid upon manufacturing corporations, by and under the revenue laws of this commonwealth, be and they are hereby abolished as to such corporations, and the laws under which such taxes are laid and collected be and the same are hereby repealed, so far, and so far only, as they apply to and affect manufacturing corporations: Provided, that the provisions of this act shall not apply to corporations engaged in the manufacture of malt, spirituous and vinous liquors, or in the manufacture of gas," etc.

It appears from the record that the company was chartered under the general corporation act of 1874, with an authorized capital of $50,000, three fourths of which was paid in; that on June 1, 1887, it declared a dividend of 15 per centum on its paid-up capital. The settlement appealed from was based on that dividend.

The learned judge also found that the business of the company, with an unimportant exception, is converting pig-iron, old rails, and scrap into a form of wrought-iron known as skelp, adapted to the manufacture of pipes: that about one thirteenth, or $\frac{21}{271}$ parts "of its capital is invested in dwellings which are reasonably necessary for the use of its employees."

The findings of fact are not as full and specific as the undisputed evidence would have warranted. While the tenant-houses, in which about $2,900 of the company's capital is

invested, are in a certain sense " reasonably necessary for the use of its employees," the evidence clearly shows they are not a necessary part of its manufacturing plant, and have no necessary connection with the business for which the company was incorporated. They are a convenience and advantage both to the company and its employees, and doubtless a profitable investment for the former; but, in principle, the employment of its capital in building houses, for the purpose of leasing the same to its employees, does not differ materially from any other investment that might be made outside of its· business as a manufacturing corporation. The only question is, whether capital thus employed or invested is within the exemption of the section above quoted. We are of opinion that it is not. In some respects the question is similar to one that was presented in Commonwealth v. Lackawanna I. & C. Co., No. 48 of May Term 1889, in which an opinion has just been filed. In that case, we held that the section in question was intended to operate solely on capital actually employed in manufacturing and not on capital employed in any other business or pursuit. [See ante, 346.]

In West Chester Gas Co. v. Chester Co., 30 Pa. 232, the question was whether houses erected by the company for its workmen were a part of the plant, and as such, exempt from taxation. Mr. Justice PORTER, speaking for this court, said: " The gas works are clearly exempted, but the houses do not appear necessary to the performance of the company's proper work. On the other hand, they are said to have been erected for the accommodation of their workmen. This is a convenience, not a necessity. For anything that appears, these workmen might be able to discharge their duties as satisfactorily if they lived somewhere else."

It may be difficult in some cases to determine just where necessity ends and mere convenience begins. In the case before us, however, it appears to be quite clear that the investment of part of the company's capital in dwelling-houses for the use of its employees, was a measure of mutual convenience and advantage, and not of necessity. We think the learned judge erred in holding that the portion of capital thus invested is exempt from state tax. To that extent the specifications of error are sustained.

It follows that the judgment complained of must be reversed, and judgment entered in favor of the commonwealth for amount of tax on $2,900 of the company's capital, with interest, commissions, and costs as follows:

| | | |
|---|---:|---:|
| Tax, 7½ mills on $2,900, for year 1887, . | $21 | 75 |
| Interest from March 1, 1888, at 12 per ct. . . | 3 | 40 |
| Attorney-general's commissions . . . | 1 | 09 |
| Total | $26 | 24 |

Judgment reversed, and judgment is now entered against defendant in favor of the commonwealth for $26.24, and costs.