**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A2238. FAYETTE COUNTY BOARD OF TAX ASSESSORS
     v. WALMART STORES, INC.

DOYLE, Presiding Judge.

The superior court, sitting on appeal from a determination by the Fayette County Board of Equalization regarding whether certain property owned by WalMart Stores, Inc., ("WalMart") was subject to ad valorem tax, granted summary judgment to WalMart, finding that the freeport exemption[1] under OCGA § 48-5-48.2 (c) (3) (2017), applied to the property, thereby excluding it from taxation. The Fayette County Board of Tax Assessors ("the Board") appeals, arguing that the undisputed facts regarding the property at issue do not support the superior court's finding that the ad valorem tax exemption applies. For the reasons that follow, we affirm.

---

[1] The freeport exemption is an "exemption from ad valorem taxation of certain tangible personal property inventory . . . ." See OCGA § 48-5-48.1 (a) (2017).

To succeed on a motion for summary judgment, the movant must show that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). In reviewing the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and the evidence, and we view the evidence in the light most favorable to the nonmovant. On de novo review, we owe no deference to the trial court's conclusions of law. Instead, we are free to apply anew the legal principles to the facts.[2]

The record on appeal shows that WalMart filed with the Board a business personal property tax return on March 24, 2017, for two categories of personal property: inventory, valued by WalMart at $3,244,461, and freeport inventory, valued by WalMart at $61,644,758. At that time, WalMart also submitted an application for a freeport exemption from ad valorem tax for the portion of its property designated as freeport inventory.

The property WalMart sought to *exempt* from taxation consisted of self-checkout component parts that WalMart agreed to purchase from NCR Corporation. NCR gathered the component parts at its facility in Fayette County and held them for

___

[2] (Citations and punctuation omitted.) *Morgan County Bd. of Tax Assessors v. Ward*, 318 Ga. App. 186 (733 SE2d 470) (2012), quoting *Muscogee County Bd. of Tax Assessors v. Pace Indus., Inc.*, 307 Ga. App. 532, 532-533 (705 SE2d 678) (2011); *Delta Air Lines v. Clayton County Bd. of Tax Assessors*, 246 Ga. App. 225, 226 (539 SE2d 905) (2000).

up to 90 days before shipping them to out-of-state WalMart stores for installation. By contrast, the "inventory" valued at $3,244,461, which WalMart *agreed was subject to taxation*, also consisted of self-checkout register components, but that inventory was shipped from NCR's warehouse for installation in WalMart stores *within Georgia.*[3]

The freeport inventory was not sold or resold by WalMart in any capacity and was expected to be used by WalMart within its recipient stores for approximately five years after installation. The purchase of the property occurred in 2016 by mail exchanged between the parties at their addresses in Arkansas, but it does not appear from the record that any of the property was exchanged between the parties in Arkansas; instead NCR accumulated the component parts from various suppliers throughout the world at its Fayette County warehouse. An NCR representative averred that no sales occurred at its warehouse or from a facility adjoining the warehouse.

Based on those facts, the Board denied the freeport exemption application, and WalMart appealed the denial to the Board of Equalization, which affirmed the

---

[3] See *Pace Indus.*, 307 Ga. App. at 533-534.

decision of the Board. WalMart then appealed the decision of the Board of Equalization to the superior court.

In the superior court, both WalMart and the Board filed cross-motions for summary judgment. Following a hearing, a transcript of which is not in the appellate record, the superior court denied the Board's motion and granted WalMart's motion, holding that "the personal property in question fits the definitions of 'inventory' and 'finished goods' and[] qualifies for the [Category 3] [f]reeport [e]xemption."

The Board appeals, arguing that the superior court erred by finding that the property met the definition of "inventory of finished goods" in order to qualify for the freeport exemption from the county's ad valorem tax.

Reviewing the law as applied to the facts de novo, we bear in mind that "[l]aws granting an exemption from taxation must be construed strictly in favor of the taxing authority, and all doubts must be resolved against the taxpayer. Consequently, no exemption will be allowed unless the exemption is clearly and distinctly intended by the legislature."[4]

---

[4] (Punctuation omitted.) *Pace Indus., Inc.*, 307 Ga. App. at 534. See also *City of Columbus v. Muscogee Mfg. Co.*, 165 Ga. 259, 261-262 (1) (140 SE 860) (1927) ("[I]t is a cardinal rule in the construction of grants by the public, whether such grants be by statute or by the constitution, that nothing passes by implication, that exemption from taxation will be strictly construed in favor of the public, and that *such exemption*

All nonexempt personal property located in the state of Georgia on January 1 of each year is subject to ad valorem taxation.[5] Counties, however, are allowed to exempt certain categories of property from ad valorem taxation,[6] including (1) inventory of goods in the process of manufacture or production; (2) inventory of finished goods in the hands of the original manufacturer; (3) inventory of finished goods held for shipment outside Georgia; and (4) stock and trade of a fulfillment center.[7] These exemptions are known as freeport exemptions, and the specific category of exemption at issue here (Category 3) exempts

> *inventory of finished goods* which, on January 1, are stored in a
> warehouse, dock, or wharf, whether public or private, *which are*

---

*will not be held to be conferred unless the terms of the grant clearly and distinctly show that such was the intention* of the framers of the constitution, or of the legislature in enacting a statute granting special privileges. . . . [T]axation is the rule, and . . . exemption from taxation is the exception. Exemptions from taxation are made, not to favor the individual owners of property, but in the advancement of the interests of the whole people. The grant of an exemption from taxation rests upon the theory that such exemption will benefit the body of the people, and not upon any idea of lessening the burdens of the individual owners of property. Under the constitution of this State, no property except that specifically mentioned can be exempted from taxation.") (citations omitted; emphasis supplied).

[5] See generally OCGA § 48-5-10.

[6] See *Delta Air Lines*, 246 Ga. App. at 226.

[7] See OCGA § 48-5-48.2.

*destined for shipment to a final destination outside this [S]tate* and inventory of finished goods which are shipped into this [S]tate from outside this [S]tate and stored for transshipment to a final destination outside this [S]tate, including foreign merchandise in transit. The exemption provided for in this paragraph shall be for a period not exceeding 12 months from the date such property is stored in this [S]tate. . . .[8]

1. *Whether the property constitutes finished goods.* Under OCGA § 48-5-48.2 (a) (2) (2017), "[f]inished goods" includes "goods, wares, and merchandise of every character and kind but shall not include unrecovered, unextracted, or unsevered natural resources or raw materials or goods in the process of manufacture or production or the stock in trade of a retailer."

First, these component parts fall into the broad category of "goods, wares, and merchandise of every character and kind." The Board does not argue and nothing in the record suggests that they are "unrecovered, unextracted, or unsevered natural resources or raw materials,"[9] and nothing in the record indicates that the property,

_____

[8] (Emphasis supplied.) OCGA § 48-5-48.2 (c) (3) (2017).

[9] "'Raw materials' means . . . any material, whether crude or processed, that can be converted by manufacture, processing, or a combination thereof into a new and useful product but shall not include unrecovered, unextracted, or unsevered natural resources." OCGA § 48-5-48.2 (b) (5) (2017).

6

when it is at the Fayette County location, constitutes "goods in the process of manufacture or production." The record shows that the component parts were produced at other locations prior to arriving at the warehouse, and we decline to hold that the fact that the components must be installed when they reach their final out-of-state destination means that they are "in the process of manufacture or production."[10]

The Board argues that this property does not consist of "finished goods" because it is "stock in trade of a retailer." "'Stock in trade of a retailer' means . . . finished goods held by one in the business of making sales of such goods at retail in this [S]tate . . . when such goods are held or stored at a business location from which such retail sales are regularly made. . . ."[11] The property is not "stock in trade of a retailer" because WalMart does not resell the self-checkout component parts either from the warehouse where they are stored in Georgia or once they are shipped to the individual stores out of state.[12] Therefore, for purposes of the freeport exemption, the

---

[10] Compare with *Delta Air Lines*, 246 Ga. App. at 230 (discussing the process of manufacture or production under a Category 1 freeport exemption).

[11] OCGA § 48-5-48.2 (b) (7) (2017).

[12] The Board contends that this property is "stock in trade of a retailer" because it was "held by one in the business of making sales of such goods at retail in this [S]tate," i.e., held by NCR at its warehouse. Pretermitting whether that is a correct reading of the statute, the Board has not pointed to record evidence that NCR made

7

trial court properly found that the self-checkout component parts constituted "finished goods."

2. *Whether the property is inventory*. The Board argues that the items are not inventory, but are equipment and therefore not subject to the freeport exemption. Inventory, however, is not specifically defined in this Code section, and equipment is not mentioned at all, but this Court previously has rejected a narrow definition of "inventory" and has looked to definitions from this State's Uniform Commercial Code ("UCC"),[13] its model code commentary, and various dictionaries.[14] Merriam-Webster Dictionary, for instance, defines inventory as "a list of goods on hand" or "a

_____

sales at the warehouse. And NCR affirmatively denied doing so.

[13] Under the UCC, "'[i]nventory' means goods, other than farm products, which . . . [c]onsist of raw materials, work in process, or materials used or consumed in a business." OCGA § 11-9-102 (a) (49). The UCC further defines "goods" as "all things that are movable when a security interest attaches . . . [and] does not include accounts, chattel paper, commercial tort claims, deposit accounts, documents, general intangibles, instruments, investment property, letter of credit rights, letters of credit, money, or oil, gas, or other minerals before extraction." (punctuation omitted.) OCGA § 11-9-102 (a) (45).

[14] See, e.g., *Delta Air Lines*, 246 Ga. App. at 230 ("A 'plain language' definition includes simply 'a quantity of goods or materials on hand.'"), citing Webster's Collegiate Dictionary (10th ed.), p. 616.

8

quantity of goods or materials on hand."[15] Under the plain meaning of this broad definition, we agree with WalMart that the self-checkout component parts constitute inventory.[16] WalMart paid ad valorem taxes on the property at the NCR warehouse destined to be installed at WalMart stores *in this State*, and the trial court properly determined that the freeport exemption applied to the property held for fewer than 12 months and destined to be used by WalMart stores *outside this State*.[17]

---

[15] *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/inventory (last visited Mar. 12, 2020).

[16] While the UCC defines equipment as "goods other than inventory, farm products, or consumer goods [goods that are used or bought for use primarily for personal, family, or household purposes]," the freeport exemption statute contains no reference to equipment. See OCGA §§ 11-9-102 (a) (24) & (a) (34). Compare OCGA § 48-5-48.1.

[17] See *Delta Air Lines*, 246 Ga. App. at 234 (3) (c); *Fulton County Tax Commr. v. Gen. Motors Corp.*, 234 Ga. App. 459, 463-464 (1) (507 SE2d 772) (1998) ("The language of OCGA § 48-5-48.2 (a) (1) and (b) (3) carefully uses the all-encompassing descriptive term 'inventory of finished goods,' instead of 'tangible property,' because the General Assembly intended to include all classes of tangible property under the constitution without enumerating each. . . . [T]he plain language of the freeport exemption was to be inclusive of all classes of tangible personal property, now or in the future.").

9

Accordingly, the superior court did not err by determining that, under these circumstances, the freeport exemption applied to this property. Thus, we affirm the grant of summary judgment to WalMart.

*Judgment affirmed. Coomer and Markle, JJ., concur.*