*In ascertaining
the tax to be im-
posed upon the
Louisville and
Portland Canal
Company under
the Statute of
1819, (2 Statute
Laws, 1376,) the
canal, and all
locks, dams,
bridges and hou-
ses should be
valued.*

# Louisville and Portland Canal Company *vs* Commonwealth.

### APPEAL FROM THE JEFFERSON COUNTY COURT.

## *Taxation. Valuation.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THE tax commissioner of one of the districts in Louisville, in 1845, valued and assessed one hundred acres of land owned by the Louisville and Portland Canal Company, with the improvements thereon, including the canal, at one million of dollars.  An appeal was taken from the assessment, by the company, to the County Court, under the last clause of the statute of 1819, (2 *Stat. Laws*, 1376,) and a motion made to reduce the valuation to one hundred thousand dollars.  The motion failed by a division of the Court, and the company have appealed to this Court.

The proof shows clearly, that if the canal be embraced and estimated in the valuation, that the amount will at least equal, if not exceed the value found by the commissioner.  That the cut or canal, together with all locks, dams, bridges, and houses, should be taken into the estimate in fixing the value, we cannot doubt.

The 7th section of the statute of 1831, (2 *Stat. Laws*, 1385,) provides, "that each person listing lands or town lots for taxation, as now directed by law, shall also add to said list, the *value* of said lands or town lots, *consid-ered in their improved state,* and including *all* their *improvements thereon,* attached to the freehold, of *any kind*

*or description.*" The language of the statute is broad enough, and was no doubt intended by the Legislature to embrace any and every kind of addition or melioration which may be made to or upon lands or town lots, for the use or enjoyment of man, or the issues or profits arising from the same. All such improvements add to the value of the freehold, and should be estimated in the valuation of the same for taxation. And whether such lands, with their improvements, belong to an individual or a corporation, they are equally subject to taxation according to their increased value.

Had the land through which the canal has been excavated, been owned by an individual, with capital sufficient to make the canal, locks, &c., there could be no doubt that he would have had the right to do so, and to exact tolls at his discretion, from all those who might choose to use the same in avoiding the dangers of the falls. And if so, he surely would be subject to taxation on the property thus increased in value by the improvements and consequent increase in value, by reason of the issues and profits springing out of the same. If so, we can see no good reason why a corporation owning the same property, should not be subject to taxation in the same manner and at the same valuation, as if owned by an individual. The charter contains no restriction on the right of taxation, which is a sovereign right, and should never be regarded as surrendered, limited or restricted in the grant of a charter or creation of a corporation, unless there be express terms of surrender, limitation or restriction. The property of the corporation lies in the State, and is protected by the laws of the State, and may be taxed here whether the shareholder live here or elsewhere, as the real estate, with the improvements of individuals lying here may be taxed, whether the owners live here or elsewhere.

Nor can the assessment of taxes on real estate acquired under the authority of a charter, as others are taxed, there being no surrender of the right of taxation, be regarded as an infraction of the charter or a violation of that provision of the constitution which prohibits the impairment of the obligation of contracts, any more than

The right of taxation is a sovereign right, and is not to be considered as waived as to the property of a corporation unless expressly waived, though the shareholders may reside out of the State where the corporate property is situated.

The imposition of a State tax upon the property of a corporation, is no violation of the contract or privilege given by the charter, unless the right to tax be ex-

the assessment of taxes upon land which has been grant-
ed to an individual, can be regarded as an infringement
of the grant or a violation of the article of the constitu-
tion referred to.

The grant is as absolute and unconditional as the char-
ter.   Neither contains a reservation of the right to tax the
estate granted or acquired, but neither contains a *stipu-
lation* surrendering or restricting the exercise of the right,
and it is as fallacious to contend in the one case as in the
other, without such stipulation, that the exercise of the
power is an infringement of the charter or grant, or an
infraction of the provision of the constitution alluded to.

The judgment of the County Court is, therefore, af-
firmed.

*Duncan* for appellants; *Cates, Attorney General and
Loughborough* for Commonwealth.