IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

---

## FEBRUARY TERM, 1885.

---

PRESENT—JAMES JACKSON, . . . . . . . . CHIEF JUSTICE.
SAMUEL HALL, . . . . . . . . . ASSOCIATE "
M. H. BLANDFORD, . . . . . . . . ASSOCIATE "

---

THE ATHENS CITY WATER–WORKS COMPANY *vs.* THE
MAYOR, ETC., OF ATHENS.

| 74 | 413 |
| 104 | 297 |
| 74 | 413 |
| 109 | 67 |
| 74 | 413 |
| 113 | 885 |
| 74 | 413 |
| 120 | 933 |

1. Taxation is the rule, and exemption the exception; and, under the constitution of this state, no property except that specifically mentioned can be exempted from taxation.
2. The charter of the city of Athens authorized the levy of a tax on water-works erected within its corporate limits; and there being nothing in the contract between the city and the water-works company, either expressly or impliedly, relieving the company from taxation, and nothing in the circumstances of the case having that effect, the company is liable to be taxed.

February 24, 1885.

Tax. Municipal Corporations. Constitutional Law. Contracts. Before Judge COBB. City Court of Clarke County. January Term, 1885.

The Athens City Water-works Company brought suit against the Mayor, etc., of Athens, alleging, in brief, as follows: The municipal authorities contracted with one C. E. Robinson for the erection and maintenance of water-

414    SUPREME COURT OF GEORGIA.

The Athens City Water-works Company vs. The Mayor, etc., of Athens.

works in that city, agreeing to pay $3,000.00 per annum in quarterly payments for the use of hydrants, etc. Robinson assigned his rights under the contract to plaintiff. The works were completed and accepted in January, 1884. The installment due in April thereafter was paid. When the July and October installments became due, aggregating $1,500.00, the Mayor, etc., paid only a part of the amount, retaining $587.15. Of this they claimed $87.15 as taxes due by plaintiff on property disconnected from the water-works system, and $500.00 as taxes on the water-works property, consisting of a reservoir, engines, pipes, etc. This property was assessed at $50,000.00, and the tax was levied under a provision in the city charter allowing a tax on real estate and an ordinance levying a tax of one per cent. Plaintiff insists that the water-works property is non-taxable, and prays judgment for the amount reserved as tax thereon.

Attached to the declaration was a copy of the contract for the erection of the works. It bound the contractor to erect the works with necessary fixtures, mains, pipes, etc., within a given time; to supply water at given rates to the inhabitants of the city; to establish fifty hydrants and furnish water sufficient for the extinguishing of fires, for flushing sewers and other public purposes; to establish other hydrants when needed at a given rental, and to keep up a stated pressure. The city reserved the right to purchase the works, when completed, or at the end of every ten years, at a price to be determined by arbitration. The obligations on the part of the city were as follows:

"1. That it will give and grant to the said contractor, his successors or assigns, the exclusive right and privilege to erect and maintain water-works as herein contemplated, and also the free and unrestricted privilege and right at any time and all times to lay, build, construct, maintain, repair and tap all mains, pipes, hydrants and other fixtures and appurtenances in, upon, under and through any and all streets, avenues, lanes, alleys, roads and bridges within said city.

"2. That the city shall and will promptly and punctually pay the

said contractor, his successors and assigns, for and during the period of thirty-five years from and after the completion of said water-works herein contracted for, as a rental, for the use of the said fifty fire hydrants and for the supply of water for other purposes herein-before named, the yearly sum of three thousand ($3,000.00) dollars, to be paid quarterly in four equal installments.

"3. That it will pass, and at all times during the continuance of this contract maintain and enforce, such ordinances as may be necessary and proper to enable the said contractor to construct and control his works and protect the same."

There was no question as to the mode of assessment or collection, but the point insisted on was as to the liability to taxation.

On general demurrer, the court dismissed the case, and plaintiff excepted.

A. J. COBB; GEO. D. THOMAS, for plaintiff in error.

T. W. RUCKER, for defendants.

BLANDFORD, Justice.

It is contended by the plaintiff in error that, by the contract between it and the defendant in error, the water-works are exempt from taxes. If this is so, it must appear from the contract. In looking at the contract between these parties, there does not appear any stipulation which exempts this company from taxation, nor can the same be implied from the contract. Taxation is the rule, and exemption the exception. No property except that specially mentioned can be exempted from taxation (see the constitution of 1877 of this state); but without this, there is nothing in the contract between these parties which would exempt plaintiff in error from taxation. The charter of the city of Athens authorizes this tax (see act of 1872); and there being nothing in the contract between these parties, either expressly or impliedly, to relieve the company from taxation, and nothing in the circumstances of the case, they are liable to be taxed. See

Stein *vs.* Mobile, 17 Ala., 234; 4 Mass., 595; 7 B. Mon., 161; 10 N. H., 138; 3 How. (S. C.), 133; 4 Peters, 514.

So we think that the court below did right to dismiss the plaintiff's action on demurrer.

Judgment affirmed.