CITY OF COLUMBUS *et al. v.* MUSCOGEE MFG. CO.

1. It is a cardinal rule in the construction of grants of exemptions from taxation, whether such grants be by statute or the constitution, that such exemptions should be strictly construed in favor of the public, and that nothing passes by implication; but this rule must not be pushed to unreasonableness.

2. Taxation is the rule; exemption from taxation is the exception. The grant of an exemption from taxation rests upon the theory that such exemption will benefit the body of the people, and not upon the idea of lessening the burdens of the individual owners of property.

3. Under the constitution of this State, "Any person, natural or artificial, a resident of this State, who may, after January 1st, 1924, build, equip, establish, or enlarge a plant for the manufacture or processing of" certain products, "may, as to such building, enlargement, or equipment, be exempt from all county, incorporated town, or city ad valorem taxes for a period of time not exceeding five (5) years from the date of the beginning of the building, enlargement, or equipment of such plants." Where a resident corporation of this State, which owns and operates a cotton factory, purchases existing warehouses for the storage of cotton to be manufactured at its factory, and for the storage of the finished products, such warehouses constituting an existing warehouse plant are not an enlargement of its cotton factory within the meaning of the above provisions of the constitution of this State, and the same are not exempt from taxation under the above provision of the constitution.

No. 5911. NOVEMBER 16, 1927. REHEARING DENIED DECEMBER 17, 1927.

Equitable petition. Before Judge McLaughlin. Muscogee superior court. February 8, 1927.

*H. C. McCutchen* and *W. deL. Worsley,* for plaintiffs in error.
*Slade & Swift* and *K. E. Bray,* contra.

HINES, J. The Muscogee Manufacturing Company is a Georgia corporation which owns and operates a cotton factory in the City of Columbus; and it has been engaged at such factory in manufacturing and processing yarns and cloth from cotton for more than fifty years. On September 2, 1925, this company purchased cotton warehouses which are located on lots 43 and 46,

Constitutional Law, 12 C. J. p. 700, n. 74; p. 705, n. 4.
Statutes, 36 Cyc. p. 1190, n. 83, 84.
Taxation, 37 Cyc. p. 892, n. 43, 44; p. 908, n. 32; p. 924, n. 79.

and parts of lots 44 and 45, in that city, and paid therefor the sum of $90,000. Said warehouses were partially adapted to the needs of this company in the operation of its manufacturing plant, in the storage of raw cotton used in its factory, and for the baling and storage of finished products manufactured by it. After the purchase of said lots and warehouses, this company, in order to make the buildings thereon more completely and efficiently adaptable to its needs in the operation of its manufacturing plant, spent the further sum of $17,369.96 in their improvement. The acquisition of said lots and the improvements thereon were preliminary steps in the company's program for the erection of an additional cotton mill and its equipment with cotton-mill machinery. The erection of this new mill had been determined upon by the company in 1925, and plans for said mill had all been drawn in said year. Said warehouses were not only essential to the operation of its plant as it existed in September, 1925, but were absolutely required for the further development and enlargement of its plant by the construction of said new mill and its equipment with cotton-mill machinery. The company commenced the erection of said new mill in the spring of 1926, and is now completing the same at a cost of $500,000, exclusive of the amount paid for the said warehouse property. In making its tax return to the city for the year 1926, the company claimed that said warehouse property was exempt from taxation, under art. 7, sec. 2, par. 2, of the constitution of this State, as amended in 1924, which provision has been put into operation in the City of Columbus by popular vote, at an election held on May 9, 1925, in pursuance of an ordinance of the city calling said election, a resolution of the city commission proclaiming the result of said election, and an act of the legislature passed on July 22, 1925 (Acts 1925, p. 985), under which the city was authorized, upon the preliminary sanction of a popular vote, to put into effect said paragraph of the constitution. On August 31, 1926, the company paid to the city the full amount of all taxes assessed by the city on its property, except the assessed value of said warehouse property, upon which the amount of taxes due would be $1080 if such property is not exempt from taxation under the said provision of the constitution.

The company filed its petition in which it set up the facts above stated, and sought to enjoin the city and its officers from collect-

ing tax on said warehouse property, alleging that these ware-houses were purchased as an enlargement of the company's plant. The city demurred to the petition, upon the ground that under the facts therein set forth the warehouse property is not exempted from taxation under the constitution. The court overruled the demurrer, and the city excepted. It insists that the company's warehouses and the land on which they are situated, which were subject to city taxation at the time of their acquisition, are not exempt from such taxation, although the same, after improvement, are useful and used in the operation of the old and new factory of the company for the storage of raw cotton to be used in the manu-facture of yarns and cloth, and for the storage of the finished products after manufacture and until sold, and although said warehouses may be absolutely essential and necessary for the operation of a new factory which the company had determined to build in 1925, and which it actually began to build in the spring of 1926, and was completing at the time the petition in this case was filed, the company having purchased said warehouses as a plant facility in the operation of its old and new mill. This makes it necessary for us to construe the constitutional amend-ment of 1924, which exempts certain industries from taxation for a period of five years.

1. We agree with certain cardinal rules which have been adopted by the courts for our guidance in the construction of this consti-tutional provision. We agree that we should look diligently for the intention of the framers of this constitutional amendment, and give effect to such intention. Civil Code (1910), § 4 (9). We further agree with counsel for the city that it is a cardinal rule in the construction of grants by the public, whether such grants be by statute or by the constitution, that nothing passes by impli-cation, that exemption from taxation will be strictly construed in favor of the public, and that such exemption will not be held to be conferred unless the terms of the grant clearly and distinctly show that such was the intention of the framers of the constitu-tion, or of the legislature in enacting a statute granting special privileges. *Mayor &c. of Macon* v. *Central R. &c. Co.,* 50 *Ga.* 620; *Atlanta Street R. Co.* v. *Atlanta,* 66 *Ga.* 104; *Mundy* v. *Van Hoose,* 104 *Ga.* 292, 297 (30 S. E. 783); *Brenau Association* v. *Harbison,* 120 *Ga.* 929 (48 S. E. 363); 26 R. C. L. 302, § 265.

The rule of strict construction must not be pushed to the extent of unreasonableness; and it is the duty of the court to ascertain and carry out the intention of the legislature. 26 R. C. L. 314, § 274. We likewise agree with counsel for this company that their ordinary signification should be applied to words used in this constitutional provision, and that this rule is a legal and safe guide for this court in the construction thereof as well as other instruments. Civil Code (1910), § 4; *Blocker* v. *Boswell,* 109 *Ga.* 230, 232 (34 S. E. 289) ; 6 Am. & Eng. Enc. Law (2d ed.), 924.

2. It must be remembered that taxation is the rule, and that exemption from taxation is the exception. Exemptions from taxation are made, not to favor the individual owners of property, but in the advancement of the interests of the whole people. The grant of an exemption from taxation rests upon the theory that such exemption will benefit the body of the people, and not upon any idea of lessening the burdens of the individual owners of property. *Brenau Association* v. *Harbison,* supra. Under the constitution of this State, no property except that specifically mentioned can be exempted from taxation. *Athens City Waterworks Co.* v. *Athens,* 74 *Ga.* 413.

3. This brings us to consider and construe the provision of the constitution under which this company claims that its warehouse property is exempt from taxation. This provision is as follows: "Any person, natural or artificial, a resident of this State, who may, after January 1st, 1924, build, equip, establish, or enlarge a plant for the manufacture or processing of cotton, wool, linen, silk, rubber, clay, wood, metal, metallic or non-metallic mineral or combination of same, creamery or cheese plant, or for the production or development of electricity, may, as to such building, enlargement, or equipment, be exempt from all county, incorporated town, or city ad valorem taxes for a period of time not exceeding five (5) years from the date of the beginning of the building, enlargement, or equipment of such plants." Civil Code (1910), § 6554; Acts Ex. Sess. 1923, p. 67, 13 Park's Code Supp. 1926, § 6554(a). Before a person will be entitled to the exemption granted in this provision, he must "build, equip, establish, or enlarge a plant" for the manufacture or processing of some one or more of the articles therein specified. If he builds or establishes a plant, such plant is exempt from taxation. The exemption in-

cludes buildings erected for and used as a part of the plant, and the land upon which they are located, and the land adjacent thereto which is necessary for their proper use, occupancy, and enjoyment, although such land may have been subject to taxation prior to the location of the plant thereon. *Mayor &c. of Gainesville* v. *Brenau College*, 150 *Ga.* 156 (103 S. E. 164) ; *Hurlbutt Farm* v. *Medders,* 157 *Ga.* 258 (121 S. E. 321) ; *Baggett* v. *Georgia Conference Asso.,* 157 *Ga.* 488 (121 S. E. 838). If a person has an un-equipped plant and equips the same, such equipment is exempted from taxation under this provision. If the owner of an equipped plant enlarges his plant, such enlargement of the plant is exempt under this provision. So what is exempt under this provision is the building of a plant, the equipment of a plant, or the enlarge-ment of a plant. Clearly the purchase of this warehouse property can not be treated as the building or equipment of the cotton manufacturing plant of this company. Was the acquisition of these premises an enlargement of the plant of this company? They are not shown to be located upon the premises upon which either the old or the new mill of the company is built. While useful and used as a plant facility, they do not form a part of the plant and are not essential to and necessarily used in its operation. These warehouses are not used directly in the manufacturing opera-tions of either factory of this company. All plant facilities, al-though useful and used in the operation of the plant, are not parts of such plant. These warehouses, though used in the opera-tion of these plants of this company, are not parts of these plants. It might be otherwise if they were built upon the premises on which either of these factories was built, and were there used for the storage of cotton to be manufactured at either of said plants, or for the storage of the manufactured products.

The exemption allowed by this provision of the constitution is confined to a manufacturing plant, which includes those things which are necessary in and to its operation. Its purpose is to exempt the real estate, buildings, machinery, improvements, equip-ment, and other personal property forming a part of and belong-ing to the plant, and essential to and necessarily used in its opera-tion. *Adams County* v. *National Box Co.*, 125 Miss. 598 (88 So. 168) ; *West Chester Gas Co.* v. *Chester County*, 30 Pa. St. 232; *Com.* v. *Mahoning Rolling Mill Co.*, 129 Pa. St. 360, 18 Atl. 135;

Coatesville Gas Co. *v.* Chester County, 97 Pa. St. 476. Such property as is directly used in the manufacture or processing of cloth or yarns by this company is exempt. Such property as is convenient but not indispensable is not exempt. Schuylkill County *v.* Citizens Gas Co., 148 Pa. St. 162 (23 Atl. 1055); Bittinger's Estate, 129 Pa. St. 338 (19 Atl. 137). These warehouses, not being upon the premises of either of the plants of this company, and not being directly used in the manufacture or processing of yarns and cloth by this company, are not exempt from city taxation under this provision of the State constitution. They are plant facilities, but do not constitute a part of these plants. In Martin *v.* New Orleans, 38 La. Ann. 397 (58 Am. R. 194), it was held that vessels used exclusively to convey timber to sawmills were not exempt from taxation under a provision exempting from taxation "property employed in the manufacture of articles of wood." In Adams *v.* Tombigbee Mills, 78 Miss. 676 (29 So. 470), it was held that a statute exempting from taxation manufacturing plants, including machinery, manufactured products, raw materials, and buildings used, did not exempt buildings belonging to a manufacturing corporation which were located outside of the factory grounds and used as tenement houses for its employees. Under a statute exempting electric-light plants from taxation, it was held that the exemption was limited to buildings and machinery used in generating electricity, and did not exempt poles, wires, and other property used for distributing its product. Kentucky Electric Co. *v.* Buechel, 146 Ky. 660 (143 S. W. 58, 38 L. R. A. 907, Ann. Cas. 1913C, 714). Under an ordinance exempting tools, implements, machinery, apparatus, or engines actually employed or used in the business of manufacturing, it was held that gasometers, and gas-mains and pipes of a gas company were not part of its machinery actually used in the manufacture of gas. Consolidated Gas Co. *v.* Baltimore, 62 Md. 588 (50 Am. R. 237).

In *Atlanta Street R. Co.* v. *Atlanta,* supra, this court held: "Under a contract between a municipal corporation and a street-railroad company," such contract being expressly authorized by the charter of the municipality, "that 'the road, rolling and live-stock of said company' should be exempted from taxation, stables, shops, houses for the storage of lumber, and other like conveniences were not exempted." So while places of religious worship

may be exempted, such exemption does not embrace a parsonage belonging to the church, in which the pastor or rector resides. *Wardens &c. of St. Mark's Church* v. *Brunswick,* 78 *Ga.* 541 (3 S. E. 561). So, in an exemption from taxation of institutions of public charity, lands held in trust to appropriate the annual produce to the erection of a poor-house and the support of its inmates forever, are not exempt. *Trustees of Academy of Richmond County* v. *Bohler,* 80 *Ga.* 159 (7 S. E. 633). It was not the intention of the framers of this constitutional provision that a cotton factory could purchase an independent warehouse plant and hold the same free from ad valorem taxation under 'this provision of the constitution. It is said that the Candler warehouses in the City of Atlanta are the largest warehouse plant in the world. Can it be held that the Exposition Cotton Mills, a cotton factory in Atlanta, could purchase this warehouse plant for the storage of cotton to be manufactured in its plants and for the storage of the finished products of its factory, and have the same exempted from ad valorem taxes under this constitutional provision? It was not the intention of the framers of the constitution that one independent plant could buy another independent plant and have the purchased plant exempted from ad valorem taxes. under this provision. So we are of the opinion that this warehouse property is not exempt from taxation under the constitution of this State.

*Judgment reversed. All the Justices concur.*