STATE REVENUE COMMISSION *et al. v.* BRANDON.

No. 11534.     MARCH 26, 1937.

*M. J. Yeomans, attorney-general, B. D. Murphy, Dave M. Parker, Marshall L. Allison,* and *O. H. Dukes, assistant attorneys-general,* for plaintiff in error. ·

*Morris Brandon Jr.,* and *Inman Brandon,* contra.

BELL, Justice. Mr. and Mrs. Morris Brandon, who were living together as husband and wife, filed separate income-tax returns for the year 1932, in which each of them claimed an exemption of $3500. The State Revenue Commission refused to allow Mrs. Brandon this exemption, on the ground that her husband, with whom she was living, had filed a separate return for the same year and had claimed and been allowed an exemption of $3500. Mrs. Brandon filed her petition with the State Revenue Commission for a reduction of her income-tax liability, and took exception to the disallowance of the exemption. This petition being denied, she in due course filed with the levying officer an affidavit of illegality, as permitted by the statute. The superior court sustained the Revenue Commission, and this ruling was reversed by the Court of Appeals. *Brandon* v. *State Revenue Commission,* 54 *Ga. App.* 62 (186 S. E. 872). The decision of the Court of Appeals upon this question was as follows:

"1. The State income-tax act of 1931 provides that there shall be deducted from the net income of a married resident individual living with husband or wife an exemption of $3500. Code, § 92-3106. We think the words of this statute are so plain and the meaning so obvious as to need no construction, but it should be given the meaning and application as expressed therein. Liability for the tax rests upon the person by whom the income, in respect of which the tax is imposed, is received or receivable. The recipient of the income is the person taxable, and unless expressly exempted every recipient is liable therefor. Where a married woman living with her husband has an income of her own, independent of her marital status, the same is not to be considered as a part of her husband's income, but the wife is the recipient and the income is taxable, and the wife is the person liable. Hoeper *v.* Tax Com., 284 U. S. 206 (52 Sup. Ct. 120, 76 L. ed. 248). There is no proviso or other provision in the Georgia income-tax act providing that in the case of a wife, where the husband has made a return and deducted the exemption of

$3500, there shall not be deducted from the wife's net income an exemption of $3500; but on the contrary the income-tax act specifically provides, without qualification, that there shall be deducted from the net income of every resident husband and wife, living together, an exemption of $3500." Certiorari was granted by this court for the purpose of construing an important statute and resolving a question of public gravity and concern. The sole question for determination is whether a husband and wife living together are each entitled to a personal exemption of $3500 under the income-tax act of 1931, Code, § 92-3001 et seq. If so, the ruling of the Court of Appeals is correct; otherwise erroneous.

The State of Georgia entered upon a policy of income taxation in the year 1929, by the passage of a statute in which it adopted certain existing features of the Federal law relating to net taxable income and exemptions. Such adoption was made by reference, as distinguished from a detailed enactment. Ga. L. 1929, p. 92; *Featherstone* v. *Norman*, 170 *Ga.* 370 (4) (153 S. E. 58, 70 A. L. R. 449). The later act of 1931 was an elaborate and extensive enactment, containing express provisions upon the subject; but even in that statute much of the language used was identical with the Federal law. In view of these legislative circumstances, the question now before the court may be approached by a comparison of the State and Federal Statutes, so far as pertinent. At the time each of the Georgia acts was adopted, the Federal income-tax act of 1928 was in force as the Federal law upon the subject. For the purpose of such comparison, the respective provisions of the Federal act and of the Georgia act of 1931 specifying personal exemptions are quoted in separate columns, as follows:

*Georgia Statute:*

"Personal exemptions and credits.—There shall be deducted from the net income of resident individuals the following exemptions: (a) In the case of a single individual, a personal exemption of $1500. (b) In the case of a married individual living with husband or wife, $3500. (c) In the case of

*Federal Statute:*

"Personal exemption. — In the case of a single person, a personal exemption of $1500; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $3500. A husband and wife living together shall receive but one personal exemption. The amount

a widow or widower having minor child or children, natural or adopted, $3500." Code, § 92-3106.

of such personal exemption shall be $3500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them." Mason's U. S. Code Ann. Supp. No. 1, 45 Stat. 802; Cf. U. S. C. A. Title 26, § 25.

From the foregoing quotations it will be seen that the Federal statute expressly provided that "a husband and wife living together shall receive but one personal exemption." Congress evidently considered that in the absence of such provision the husband and wife would, under the other provisions, each be entitled to a personal exemption of $3500. This must be the construction which the Federal lawmaking body placed upon its own statute, since the quoted provision can not be regarded as superflous. From what has been said as to the adoption of the Federal statute as a pattern, the General Assembly in the passage of both the Georgia acts presumably noticed such express denial of double exemption in the Federal statute, and concluded finally to omit the same from the Georgia law. In the circumstances, what else can be inferred except that in the process of the later enactment it was the intention of that body to depart to this extent from the Federal statute, and to allow "in the case of a married individual living with husband or wife" an exemption of $3500 to both the husband and the wife, instead of granting it to only one of them? It is true that all grants of exemptions from taxation must be strictly construed in favor of the State (*Standard Oil Co.* v. *State Revenue Com.*, 179 *Ga.* 371 (7), 176 S. E. 1); but where a statute is plain and susceptible of but one construction, the court has no authority to place a different construction upon it, but must apply it according to its terms. *Floyd County* v. *Salmon*, 151 *Ga.* 313, 315 (106 S. E. 280); *Fidelity & Casualty Co.* v. *Whitaker*, 172 *Ga.* 663 (2) (158 S. E. 416). On the subject of returns the statute provides as follows: "(a) Each of the following individuals shall make under oath a return stating specifically the items of his gross income and the deductions and credits allowed by this law: (1) Every resident individual having

a net income for the taxable year of $1500 or over, if single, or if married and not living with husband or wife. (2) Every resident individual having a net income for the taxable year of $3500 or over, if married and living with husband or wife. (3) Non-resident individual having a net income within this State for the taxable year of $1000 or over, whether married or single. (4) Every resident individual having a gross income for the taxable year of $5000 or over, regardless of the amount of his net income; and (5) Every non-resident individual having a gross income within this State for the taxable year of $5000 or over, regardless of the amount of his net income. (b) If a husband and wife living together have an aggregate net income for the taxable year of $3500 or over, or an aggregate gross income for such year of $5000 or over, (1) each shall make such a return, or (2) the income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income." Code, § 92-3201. These provisions relating to returns should be considered so far as they may shed light upon other portions of the statute which require construction. The ultimate question in this case, however, relates to personal exemptions, and the sections of the statute declaring such exemptions are of first importance in this inquiry. While there is some language in the provisions regarding returns which might give rise to vague inferences that the legislature intended but one exemption in a case of this character, nothing beyond conjecture or supposition to that effect can be derived from such provisions; and since, as indicated, these provisions are only collateral or secondary in the instant case, a mere doubt or uncertainty arising therefrom should not obscure the other provisions relating specifically and directly to exemptions and being within themselves clear and unambiguous as to what was intended.

Some confusion may result from impressions imposed by the Federal law. Having been schooled under that law to think of the double exemption as being prohibited, the mind may not readily concede an intention by the General Assembly to establish a different rule, in a statute so very similar in many respects. Aside from these considerations, which are not substantial, the statute in expressly providing an exemption for each married individual living with husband or wife without at the same time ex-

230

cluding double exemption plainly allows such exemption to both the husband and the wife; and the Court of Appeals properly so held. The case of Carter v. Phillips, 88 Okla. 202 (212 Pac. 747), cited for the plaintiff in certiorari, was based upon a differently worded statute, and does not incline us to a different conclusion.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., who dissents, and Jenkins, J., disqualified.*