Rayle Electric Membership Corporation *v.* Cook,
revenue commissioner.

Jenkins, Justice. 1. The constitutional amendment, ratified June 3, 1941 (Supp. Ga. Code Ann. § 2-5002; Ga. L. 1941, p. 84), provides that "There is hereby exempted from all taxation, State, county, municipal, school district, and political or territorial subdivision of the State having the authority to levy taxes, all co-operative, nonprofit, membership corporations organized under the laws of this State for the purpose of engaging in rural electrification, . . and all of the real and personal property owned or held by such corporations for such purposes. The exemption herein provided for shall expire twenty years from January, 1, 1942."

2. In determining whether this constitutional exemption from taxation must be given application with respect to properties which had become subject to ad valorem taxation as of January 1, 1941, and had been returned for taxation between February 1 and May 1, 1941, but had come within the terms of the constitutional exemption ratified June 3, 1941, which latter date was previous to the date on which the Governor with the assistance of the comptroller-general had made his levy of the tax under the Code, §§ 92-5703 et seq., it is the rule that all

grants of exemptions must be strictly construed in favor of the State, and that "nothing passes by implication; but this rule must not be pushed to unreasonableness." *City of Columbus* v. *Muscogee Mfg. Co.*, 165 *Ga.* 259, 261 (140 S. E. 860); *Campbell* v. *Red Bud School District*, 186 *Ga.* 541 (2), 546 (198 S. E. 225); *Mundy* v. *Van Hoose*, 104 *Ga.* 292, 297 (30 S. E. 783), and cit. In interpreting such a constitutional exemption, it is to be presumed that the words therein used were employed in their natural and ordinary meaning (*Epping* v. *Columbus*, 117 *Ga.* 263, 267, 43 S. E. 803); and where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. *State Revenue Commission* v. *Brandon*, 184 *Ga.* 225, 228 (190 S. E. 660), and cit.; *Barnes* v. *Carter*, 120 *Ga.* 895, 898 (48 S. E. 387); *Ezekiel* v. *Dixon*, 3 *Ga.* 146 (1, 2), 158.

3. Since the word "taxation" ordinarily includes a determination of the rate of levy and the imposition of the levy, as an essential part of the sovereign power and process (Hilger *v.* Moore, 56 Mont. 146, 182 Pac. 477, 480; Morton *v.* Comptroller-General, 4 S. C. 430, 453; Southern Ry. Co. *v.* Kay, 62 S. C. 28, 39 S. E. 785, 787; Des Moines Union Ry. Co. *v.* Chicago Great Western Ry. Co., 188 Iowa, 1019, 177 N. W. 90, 9 A. L. R. 1557, 1560; 61 C. J. 67, and cit.; 41 Words & Phrases, 116), it follows that property will not ordinarily be deemed as taxed until the tax has been levied. Thus, even if it be assumed that the language of the amendment as and when adopted, "hereby" exempting certain properties from "all taxation," would not have been effective if the process of "taxation" had already been fully consummated, it appears reasonably plain and certain that the language "hereby" exempting certain properties from "all taxation" must be taken to include all such properties where the process of taxation, though begun, had not been fully consummated. Therefore it was error to dismiss on demurrer the affidavit of illegality. *Judgment reversed. All the Justices concur.*

No. 14432. April 15, 1943.

736

*W. A. Slaton*, for plaintiff in error.

*T. Grady Head*, attorney-general, *Claude Shaw, Andrew J. Tuten, J. E. Hyman*, and *Hawes Claud*, contra.