CHEROKEE BRICK & TILE COMPANY *v.* REDWINE,
State Revenue Commissioner, *et al.*

No. 18052. Argued January 12, 1953—Decided April 13, 1953.

692

[black redacted area]

*Hall & Bloch* and *Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Eugene Cook, Attorney-General, Lamar Sizemore, George E. Sims Jr., Assistant Attorneys-General, M. H. Blackshear Jr.* and *F. H. Boney,* contra.

HEAD, Justice. ■ Subsection (e) of section 2 of the "Retailers' and Consumers' Sales and Use Tax Act," approved February 20, 1951 (Ga. L. 1951, pp. 360-387; Code, Ann. Supp., § 92-3403a (C) (2) (e)), provides: "The tax levied by this Act shall not apply to sales of goods made pursuant to bona fide written contracts entered into before the date of the approval of this Act, or the purchase price of any building supplies, fixtures or equipment that enter into or become a part of building or other kind of structure in this State, where plans, specifications and construction contract for a specific project has been entered into prior to the date of approval of this Act, provided delivery is made within ninety (90) days."

It is contended by the plaintiff that, if a tax statute is of doubtful meaning, it must be construed liberally in favor of the taxpayer and against the taxing authority. This is a well-established rule in this State. *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23 (6); *Trustees of the First Methodist Episcopal Church, South,* v. *City of Atlanta,* 76 *Ga.* 181, 182 (3b); *Case-Fowler Lumber Co.* v. *Winslett,* 168 *Ga.* 808, 809 (149 S. E. 211); *State of Georgia* v. *Camp,* 189 *Ga.* 209, 210 (6 S. E. 2d, 299); *Warren* v. *Suttles,* 190 *Ga.* 311, 314 (9 S. E. 2d, 172); *Forrester* v. *Interstate Hosiery Mills,* 194 *Ga.* 863, 867 (23 S. E. 2d, 78); *Thompson* v. *Eastern Air Lines,* 200 *Ga.* 216, 224 (39 S. E. 2d, 225).

In the present case, however, the plaintiff is not relying upon the vagueness or uncertainty of a statute levying a tax. On the contrary, the plaintiff is seeking to claim the benefit of a proviso contained in the Retailers' and Consumers' Sales and Use Tax Act, which purports to grant an exemption from taxation. Under these facts, an entirely different rule is applicable. The exemption from taxation must be strictly construed, "and the exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that such was the intention of the legislature." *Mayor &c. of Macon* v. *Central Railroad & Banking Co.*, 50 *Ga.* 620; *Atlanta Street Railroad Co.* v. *City of Atlanta*, 66 *Ga.* 104, 110; *Athens City Water-Works Co.* v. *Mayor &c. of Athens*, 74 *Ga.* 413; *Mundy* v. *Van Hoose*, 104 *Ga.* 292, 297 (30 S. E. 783); *Tarver* v. *City of Albany*, 160 *Ga.* 251, 257 (127 S. E. 856); *Standard Oil Co. of Ky.* v. *State Revenue Commission*, 179 *Ga.* 371, 372 (7) (176 S. E. 1); *State Revenue Commission* v. *Brandon*, 184 *Ga.* 225, 228 (190 S. E. 660); *Campbell* v. *Red Bud Consolidated School District*, 186 *Ga.* 541, 546 (3) (198 S. E. 225); *Rayle Electric Membership Corp.* v. *Cook*, 195 *Ga.* 734 (2) (25 S. E. 2d, 574); *Thompson* v. *Atlantic Coast Line R. Co.*, 200 *Ga.* 856 (38 S. E. 2d, 774).

As a general rule, there is a presumption that a proviso in a statute will apply only to the preceding provision. This general rule, however, is subject to the rule that all parts of a statute, including provisos, are to be construed together, and that construction adopted which is consistent with, and not repugnant to, the purposes of the act. 50 Am. Jur. 459, 460, §§ 438-440. The purpose of the act under consideration is, unquestionably, to levy a tax. The proviso as to delivery within ninety days relates by the punctuation used, and by the arrangement of the wording therein, to the entire subject matter preceding the limitation as to time of delivery.

It is clear from subsection (e) of section 2 of the act that the General Assembly did not exempt from taxation written contracts entered into before the time of the approval of the act. If the Assembly had wanted to make such exemption, all that was required was the placing of a period after the word "Act" in the third line. A period marks the end of a declarative sen-

tence, and had a period been used after the word "Act," a different result might have been obtained. By the use of the comma after the word "Act," and after referring to building supplies, fixtures, equipment, plans, specifications, etc., in which the only punctuation used is a comma, it is clear that the final proviso is just as much a part of the language relating to written contracts as it is to that having reference to building supplies, fixtures, etc.

The rule stated in Crawford *v.* Burke, 195 U. S. 176, 177 (25 Sup. Ct. 9, 49 L. ed. 147), to the effect that courts will read statutes with such stops as will give effect to the whole, and with little regard to the punctuation thereof, if applied in the present case, can not benefit the plaintiff. If subsection (e) of section 2 of the act is read as written, with the commas therein, or with the commas omitted, the result is the same. For sales on written contracts and building supplies to be exempt from the taxing provisions of the act, delivery must have been made within ninety days.

■ The plaintiff strongly relies upon Murray *v.* Charleston, 96 U. S. 432 (24 L. ed. 760). In the Charleston case the city had issued certificates bearing interest at 6 percent, payable in quarterly payments. Thereafter the city proposed to tax the certificates and withhold from the interest payments the amount of the tax. The plaintiff in that case was a resident of Bonn, Germany, and was the holder of a large amount of the certificates of indebtedness. The ruling of the Supreme Court, as stated by this court in *Mayor &c. of Macon* v. *Jones,* 67 *Ga.* 489, 493, was to the effect that the city must pay the interest due before the power to tax could be exercised. The construction placed on the Charleston case by this court is unquestionably correct, for in the Charleston case the court (at page 446) said: "A tax on income derived from contracts, if it does not prevent the receipt of the income, cannot be said to vary or lessen the debtor's obligation imposed by the contracts."

The above quotation from the Charleston case clearly demonstrates that only by withholding the income due from a contractual obligation to pay interest, and for the purpose of enforcing a tax, would the contract between the agency of government and the citizens be impaired. For Georgia cases relating

to taxation of contractual obligations of the State, see *City Council of Augusta* v. *Dunbar*, 50 *Ga.* 387; *Miller* v. *Wilson*, 60 *Ga.* 505; *Mayor &c. of Macon* v. *Jones*, supra; *Wells* v. *Mayor &c. of Savannah*, 107 *Ga.* 1, 3 (32 S. E. 669).

In the present case, the State is not a party in any contract with the plaintiff. It has made no promise to pay which it now seeks to tax. On the contrary, the State is only exercising its constitutional power to tax. On the power of taxation generally, the Supreme Court of the United States in North Missouri Railroad Co. *v.* Maguire, 87 U. S. 46, 61 (22 L. ed. 287) stated the rule: "Authorities from numerous sources are cited by the plaintiffs, but none of them show that a lawful tax on a new subject, or an increased tax on an old one, interferes with a contract or impairs its obligation, within the meaning of the Constitution, even though such taxation may affect particular contracts, as it may increase the debt of one person and lessen the security of another, or may impose additional burdens upon one class and release the burdens of another, still the tax must be paid unless prohibited by the Constitution, nor can it be said that it impairs the obligation of any existing contract in its true legal sense."

Subsequently to the rule stated by the Supreme Court of the United States in the North Missouri Railroad Company case, it was said by the Supreme Court of Alabama in McPhillips Mfg. Co. *v.* Curry, 241 Ala. 366, 371 (2 So. 2d, 600), as follows: "The existence of an executory contract between or among two or more individuals presents no obstacle to the right or power of the State to levy or impose a tax which may adversely affect the financial interest of either or any of the parties which may have been acquired under or by reason of the mutual covenants of such parties to the contract. Increasing taxation or adding new taxes does not impair the obligation of a contract, although the law, as it existed at the time the contract was made, is a part of the contract. So, too, is the law with reference to the State's power of taxation, otherwise all contracts with reference to real estate would become void as to the tax upon the creation of an improvement district. The State has the power to tax, and the only contention here made by appellants is that the sales tax cannot apply to them because their contract ante-

dates the law. The authorities are clearly opposed to such a theory."

Many authorities are cited by the Supreme Court of Alabama in support of the ruling made, including the case of Wiseman *v.* Gillioz, 192 Ark. 950, 958 (96 S. W. 2d, 459), wherein it was held: "Increasing taxation or adding a new tax does not impair the obligation of a contract. It is true that the law, as it existed at the time the contract was made, is a part of the contract, but so is the law with reference to the State's power of taxation. If this were not true, all contracts with reference to real estate would become void as to the tax upon the creation of an improvement district, or the provision for a road tax, or any other tax."

In Kehrer *v.* Stewart, 197 U. S. 60, 61 (25 Sup. Ct. 403, 49 L. ed. 663), in affirming the judgment of this court in *Kehrer* v. *Stewart,* 117 *Ga.* 969 (44 S. E. 854), it was held: "A State has the right to classify occupations and impose different taxes upon different occupations. The necessity for, and the amount of, the tax are exclusively within the control of the State legislature, and, in the absence of discrimination against citizens of other States, its determination in regard thereto is not open to criticism in this court. *Such a tax does not impair the obligation of, or affect, any contract previously made between the principal and the agent. The power of taxation overrides any agreement of an employe to serve for a specific sum."* (Italics ours.)

In Lake Superior Consolidated Iron Mines *v.* Lord, 271 U. S. 577 (46 Sup. Ct. 627, 70 L. ed. 1093), it was held: "The obligation of an outstanding contract is not impaired, contrary to Const. Art. I, § 10, by a later state statute taxing the proceeds of the contract."

Many authorities might be cited to support the right of the State in the present case to collect a tax under the "Retailers' and Consumers' Sales and Use Tax Act," on the sale and delivery of the described property. Such multiplication of authorities is unnecessary. The State had the right to collect a sales tax arising out of the contract pleaded, and to exempt from taxation property made subject to taxes is to increase to that extent the burden on all other property that is taxed. *Elder* v. *Home Building & Loan Assn.,* 188 *Ga.* 113, 118 (3 S. E. 2d, 75, 122 A.L.R. 738).

The trial court properly sustained the general demurrer of the defendant and dismissed the petition seeking to recover the taxes paid.

*Judgment affirmed.* *All the Justices concur, except Atkinson, P. J., not participating.*