25357. LOGAN, Commissioner, et al. v. DAVISON Tax Collector, et al.

FELTON, Justice. In 1953 the people of Clarke County and Athens, Georgia, by special constitutional amendment authorized the merger of the respective school systems into one system and provided therein that "For school purposes only,

property taxed for support of said school systems shall not be subject to the privileges of the homestead exemption provided by Article VII, Section I, Paragraph IV, of this Constitution." Ga. L. 1953, Jan. Sess., pp. 560, 561. In 1964 and in 1968 the people of the State authorized not an additional homestead exemption for certain persons 65 years of age or over, but an increase in the amount of the homestead granted other persons. Ga. L. 1964, pp. 939, 940; Ga. L. 1968, pp. 1690, 1693. Since the people of Clark County had already expressly waived the homestead exemption as to "school purposes," the later constitutional amendments, which expressly merely created an additional increase in the old age homestead exemption amount and clarified the persons who might claim it, were not intended to apply to taxation for school purposes in Clarke County. Accordingly, the trial court did not err in denying the mandamus absolute filed by the county commissioners to require the tax collector to grant the exemption as to school purposes as well as other State and county ad valorem taxes. See *Rayle Electric Membership Corp. v. Cook,* 195 Ga. 734 (25 SE2d 574); *Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691 (75 SE2d 550); *Church of God v. City of Dalton,* 213 Ga. 76 (97 SE2d 132).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1969—DECIDED SEPTEMBER 29, 1969.

*Upshaw C. Bentley, Jr.,* for appellants.

*Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellees.