26950. BOARD OF LIGHTS & WATERWORKS et al. v. CRADDOCK.

ARGUED JANUARY 11, 1972—DECIDED FEBRUARY 11, 1972—REHEARING DENIED FEBRUARY 28, 1972.

*Willingham, Smith & Robertson, Harold S. Willingham,* for appellants.

*J. M. Grubbs, Jr., Adele Platt,* for appellee.

NICHOLS, Justice. 1. The Constitutional amendment of 1958, supra, reads, in material parts, as follows: "Proposing an amendment to . . . the Constitution of the State of Georgia so as to authorize the City of Marietta and its board of lights and waterworks to combine and operate the water and sewerage system and electric system of said City as one revenue undertaking and to issue revenue bonds for the purpose of adding to, extending and improving any facility of such combined utility and to secure the payment of said bonds and interest thereon by pledging the revenues of such combined public utility for that purpose; to provide the method and procedure for the issuance of said bonds; to provide the effective date of this amendment; and for other purposes.

"Be it resolved by the General Assembly of Georgia: . . . the Constitution . . . shall be amended by adding . . . a new paragraph to be numbered 3 and which shall read as follows:

"'3. Notwithstanding any provisions of this Constitution to the contrary the City of Marietta and its board of lights and waterworks are authorized and hereby empowered and granted the right, power and authority to combine the water and sewerage system and electric system now being maintained and operated by said board for the benefit of said city and to maintain, repair and operate such combined public utility as one revenue producing undertaking and to issue from time to time interest bearing revenue anticipation obligations to be known and designated "Public Utilities Revenue Bonds" for the purpose of acquiring, constructing, adding to, extending, improving and equipping

any facility of such combined public utility and to pledge for the payment of the principal of and interest on such public utilities revenue bonds all or any part of the revenues of such combined public utility and to create a lien thereon for that purpose, subject to any liens heretofore created thereon by law or contract. No election to authorize the issuance of said bonds shall be required and the pledge of revenues from the combines [sic] public utility shall not be a debt of the City of Marietta within the meaning of Article VII, Section VII, Paragraph I of this Constitution. Such bonds may be issued from time to time bearing such rate or rates of interest as authorized by law and maturing within thirty (30) years from their date in the years and amounts as determined by a majority vote of the governing body of the City of Marietta and by a majority vote of the members of the board of lights and waterworks and when so authorized the procedure of the issuance and delivery including validation shall be in all respects in accordance with the Revenue Bond Law as now enacted and any amendments thereto which law was originally known as the "Revenue Certificate Law of 1937."

" 'The rights, powers and authority herein conferred upon the City of Marietta and its board of lights and waterworks are self-executing and no enabling act of the General Assembly shall be necessary and are hereby made cumulative of and in addition to such other rights, powers and authority as they may have under the Constitution and laws of this State.' . . .

"The ballot submitting the above proposed amendment shall have written or printed thereon the following:

" 'For [or against] ratification of amendment to Article VII, Section VII, Paragraph V of the Constitution so as to authorize the City of Marietta and its Board of Lights and Waterworks to combine and operate the water and sewerage system and the electric system of said City as one revenue producing utility and to issue revenue bonds for adding to, extending and improving any facility of such combined utility and to secure the payment of such bonds and inter-

est thereon by pledging the revenues of the combined utility for that purpose.'"

Counsel for the appellants contend the purpose of such constitutional amendment was to facilitate the issuance of revenue bonds, to preclude the necessity of approval by the electorate of the City of Marietta before such bonds could be issued, and that the language included in such amendment was to combine the utilities—water and sewer with electric—and not the City of Marietta and its board of water and lights.

"Where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. *State Revenue Commission v. Brandon,* 184 Ga. 225, 228 (190 SE 660), and cit.; *Barnes v. Carter,* 120 Ga. 895, 898 (48 SE 387); *Ezekiel v. Dixon,* 3 Ga. 146 (1, 2), 158." *Rayle Electric Membership Corp. v. Cook,* 195 Ga. 734 (2) (25, SE2d 574).

Assuming that the contentions of the appellants as to purported purpose of the Constitutional amendment are correct, yet if the language selected by the General Assembly in proposing the amendment does not carry out such intent, but accomplishes another purpose, the courts are bound to construe it according to its terms.

The title, the body of the amendment and the ballot all provide for the city and the board to combine and operate the combined utility. The body of the amendment even refers to the systems then "being maintained and operated by the board for the benefit of the City," and the quoted amendment is not open to any construction but by its clear language requires a holding that the utilities be operated by the city and the board and not merely by the board. The judgment of the trial court continuing in effect the temporary injunction based upon such construction of the constitutional amendment shows no error.

*Judgment affirmed. All the Justices concur.*