28124. BRANDYWINE TOWNHOUSES, INC. et al. v. JOINT CITY-COUNTY BOARD OF TAX ASSESSORS.

INGRAM, Justice. This appeal is from a judgment of the Superior Court of Fulton County declaring Ga. L. 1955, pp. 122, 123 (Code Ann § 92-233 (b)) to be void and unconstitutional. In this statute, the General Assembly of Georgia provided for certain homestead exemption from ad valorem taxation. In pertinent parts, the statute provides that: "The word 'homestead' wherever used in this law shall mean and is defined to be the following: . . . (b) Where the person who is the applicant holds the bona fide fee title (although subject to mortgage or debt deed) or an estate for life, or holds under any bona fide contract of purchase providing for the conveyance of title to the applicant upon performance of the said contract, *or holds under an occupancy agreement as a stockholder of a nonprofit cooperative ownership housing corporation, which holds property, either as owner or under a ninety-nine year lease, subject to a mortgage insured by the Federal Housing Administration under Section 213 (a) (1) of the National Housing Act, 64 Stat. 54, 12 USC 1715 (e) (1950)."* (Emphasis supplied.)

The italicized language set out above was added by this 1955 legislation. The stated purpose of the Act was to make "such homestead exemption applicable to property held under an occupancy agreement by a stockholder of a non-profit cooperative ownership housing corporation . . ."

Appellants are four individual occupant, member-stockholders in Brandywine Townhouses, Inc., and the corporation as agent for

the other 237 occupant members, who sought to obtain homestead exemption under the terms of the above statute. They were denied exemption by the tax officials and on appeal to the superior court their cases were consolidated and the statute relied on by appellants for the exemption was declared unconstitutional and void.

Brandywine Townhouses, Inc., is a non-profit cooperative ownership housing corporation of the character contemplated by the National Housing Act (12 USC § 1715 (e)) for the benefit of low and moderate income familes. As such, its members meet the criteria of this Georgia statute providing for homestead exemption. The crucial question to be decided by this court is whether the statute in question is unconstitutional as adjudged by the trial court.

The Georgia Constitution, Art. VII, Sec. I, Par. IV (Code Ann. § 2-5404), reads in pertinent parts as follows: *"The Homestead of each resident of Georgia actually occupied by the owner as a resident and homestead,* and only so long as actually occupied by the owner primarily as such . . . is *hereby exempted* from all ad valorem taxation for state, county, and school purposes . . ."
(Emphasis supplied.)

Several other homestead exemptions from taxation are either granted, or authorized for the General Assembly to grant, in this provision of the Constitution. None, however, state specifically the language of the statutory exemption with which we are here concerned. This "tax exemption" provision of the Constitution concludes with the mandate that, "All laws exempting property from taxation, other than the property herein enumerated shall be void." This means that all property must be taxed and no property except that specifically mentioned in the Constitution can be exempted from taxation. This is a fundamental principle in our basic law and is deeply rooted in the constitutional history of our State. See *Athens City Water-Works Co. v. Mayor &c. of Athens,* 74 Ga. 413 (1).

When the General Assembly enacted this homestead exemption statute, did it merely implement the constitutional grant of homestead exemption or did it create a new class of exemption beyond the limits of the Constitution?

In reaching a determination of this issue, we are mindful that: "All exemptions from liability to taxation are construed strictly. . . The power to tax is the life blood of the state and of the governing communities, county and municipal, which are the limbs of the

state, essential to the well-being of the entire body politic—indeed to its healthful action and the preservation of life." *Atlanta Street R. Co. v. City of Atlanta,* 66 Ga. 104, 107. "It is a cardinal rule in the construction of grants of exemptions from taxation, whether such grants be by statute or the Constitution, that such exemptions should be strictly construed in favor of the public, and that nothing passes by implication; but this rule must not be pushed to unreasonableness." *City of Columbus v. Muscogee Mfg. Co.,* 165 Ga. 259 (1) (140 SE 860).

Appellants argue capably in their excellent brief to this court that the members and stockholders of Brandywine Townhouses, Inc., are "owners" of the units which they occupy as homes. They contend that the cooperative ownership concept in the statute is included within the term "owner" as that term is used in the constitutional provision. Thus we are urged by appellants to agree that one who "holds under an occupancy agreement as a stockholder of a non-profit cooperative ownership housing corporation . . . " with the ownership attributes possessed by appellants, is an "owner" within the meaning of the Constitutional Homestead Exemption Section.

However, covenants contained in the Occupancy Agreement entered into between the member-occupants of the cooperative and the corporation persuade us to reject appellants' arguments that a member thereof is an "owner" as contemplated by the Homestead Exemption provision of the Constitution (Code Ann. § 2-5404). As observed by appellee in its brief, "The member expressly agrees that there exists under this Occupancy Agreement a landlord-tenant relationship. . ." Although a member does possess some characteristics of ownership, the terms of the occupancy agreement also limit the rights of each member in many respects inconsistent with ordinary elements of ownership. "Under our law any ambiguity in an alleged exemption from taxation must be construed favorably to the State and against the taxpayer." *Cherokee Brick & Tile Co. v. Redwine,* 209 Ga. 691 (1) (75 SE2d 550).

We, therefore, hold that the members of the cooperative, being tenants, cannot be regarded as owners within the meaning of the term "owner" as used in the Homestead Exemption section of the Constitution. Code Ann. § 2-5404.

These "tenants" cannot become "owners" through legislative definition so as to become entitled to the homestead exemption granted to an "owner" by the Constitution. "In interpreting. . .

a constitutional exemption, it is to be presumed that the words therein used were employed in their natural and ordinary meaning (*Epping v. Columbus,* 117 Ga. 263, 267 (43 SE 803)); and where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. *State Revenue Commission v. Brandon,* 184 Ga. 225, 228 (190 SE 660), and cit; *Barnes v. Carter,* 120 Ga. 895, 898 (48 SE 387); *Ezekiel v. Dixon,* 3 Ga. 146 (1, 2), 158." *Rayle Electric Membership Corp. v. Cook,* 195 Ga. 734 (2) (25 SE2d 574). Obviously, the corporation itself, as the "owner," is not eligible for the exemption since it does not actually occupy the property as a residence and homestead.

Only those homestead exemptions from taxation specifically authorized by the Constitution are valid. The present Constitution of Georgia, as amended, does not authorize the homestead exemption provided by Ga. L. 1955, pp. 122, 123 (Code Ann. § 92-233 (b)) to these member-occupants of this cooperative or to the non-profit corporation itself. The rationale of *United Hospitals Service Association v. Fulton County,* 216 Ga. 30 (114 SE2d 524), supports the conclusion we reach in the present case.

Accordingly, we are of the opinion the trial court was correct in determining the Act of 1955, pp. 122, 123 of the General Assembly of Georgia (Code Ann. § 92-233 (b)) which attempts to grant a homestead exemption to a person who "holds under an occupancy agreement as a stockholder of a non-profit cooperative ownership housing corporation . . . " to be violative of Art. VII, Sec. I, Par. IV (Code Ann. § 2-5404) of the Georgia Constitution, as such a person is not an owner as required by this provision of the Constitution.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED SEPTEMBER 13, 1973 — DECIDED JANUARY 7, 1974 — REHEARING DENIED JANUARY 28, 1974.

*Swertfeger, Scott, Pike & Simmons, Wesley B. Warren, Jr., M. H. Blackshear, Jr., Richard P. Decker,* for appellants.

*Guy Parker, Charles M. Lokey,* for appellee.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General,* amicus curiae.

ON MOTION FOR REHEARING

PER CURIAM. The Statute (Ga. L. 1955, pp. 122, 123; Code Ann.

§ 92-233 (b)) is unconstitutional as written because Art. VII, Sec. I, Par. IV (Code Ann. § 2-5404) of the Georgia Constitution authorizes the homestead tax exemption only to an "owner," and not to one who merely "holds under an occupancy agreement as a stockholder of a non-profit cooperative ownership housing corporation." The stockholder members in the present case are declared under their occupancy agreements to be tenants. This illustrates in this case that such persons are not owners. However, the decisive factor in the case is that the statute in question purports to grant a tax exemption to one who is not an owner. Consequently, it is the attempt by this statute to enlarge the constitutional exemption—and not the agreement—which is determinative of the single issue decided in this appeal. We adhere to our judgment affirming the trial court.