A94A0100. JORDAN v. PLACER HOLDING COMPANY.
(444 SE2d 112)

JOHNSON, Judge.

Brenda Jordan bought 40 shares of stock in English Colony Homeowners Association, Inc., a cooperative. By virtue of the ownership of the stock, Jordan became a member of the housing cooperative. As a member, she was entitled to lease a residential unit from the cooperative subject to an occupancy agreement. A provision in the agreement obligated Jordan to pay certain fees. When she failed to pay her fees, the cooperative instituted a dispossessory action against her pursuant to Article XIII of the agreement. In a de novo review of the magistrate court's ruling, the state court granted the cooperative's motion for summary judgment, issuing a writ of possession and entering judgment in favor of the cooperative for past due fees and finding that a landlord-tenant relationship existed between the parties. Jordan appeals, pro se, asserting that she has ownership rights in her unit which preclude a dispossessory action.

1. Appellate courts in Georgia have rarely been presented with issues arising out of housing cooperatives. A cooperative housing association creates a hybrid form of property ownership. The association is comprised of members who attain their membership by virtue of their purchase of stock in the association. Members are entitled to exclusive possession of a housing unit, but the real estate is owned by the association. Owners may deduct interest payments from their federal income taxes based on the amount of association dues used to pay the mortgage associated with their share of the property, and some states, although not Georgia, allow members local homestead credits. Compare *Mehralian v. Riverview Tower Homeowners Assn.*, 464 NW2d 571, 574 (1) (Minn. 1991); *State of Fla., Dept. of Revenue v. Swinscoe*, 376 S2d 1 (Fla. 1979); *Brandywine Townhouses v. Joint City-County Bd. of Tax Assessors*, 231 Ga. 585 (203 SE2d 222) (1974). The ownership of the stock, personalty, entitles one to many rights generally associated with ownership of real estate, and therein the confusion lies. See generally 15A AmJur2d 889-891, 907-912, Condominiums & Cooperative Apartments, §§ 59, 60, 77-80; 4B Powell & Rohan, Powell on Real Property, Chapter 54.

Whether a cooperative may maintain a dispossessory action against a cooperator who is in default in his maintenance fees is a question of first impression in this state. Other states considering this issue have reached opposing results. For example, in New York: "It is our opinion that the relationship between the petitioner, a co-opera-

tive, and respondent, its stockholder, is that of landlord and tenant to the extent that petitioner may maintain a summary proceeding against respondent [for nonpayment]." *Earl W. Jimerson Housing Co. v. Butler*, 425 NYS2d 924, 925 (4) (1979). In New Jersey, it has been held: "[A] cooperative is a unique form of property ownership and the relationship between the association and a cooperator-shareholder is not that of landlord and tenant for the purpose of a summary dispossess action." *Plaza Rd. Cooperative v. Finn*, 492 A2d 1072, 1077 (1, 2) (1985). Several of the decisions considering dispossessory proceedings turned on the issue of whether certain statutorily-created courts had jurisdiction to hear such proceedings and/or whether the relationship between the cooperative and the member falls within certain statutory definitions contained in particular housing codes. See generally *Kohler v. Snow Village*, 475 NE2d 1298 (Ohio 1984) (regarding whether a landlord-tenant relationship exists in the context of cooperatives).

In affirming the trial court, we rely upon and find controlling the express terms of the occupancy agreement signed by the parties which authorizes the cooperative to terminate the member's right to occupancy under the agreement in the event a member fails to pay the cooperative fees, special charges, repairs and maintenance. Art. XIII, Secs. 13.1, 13.1.3-4. We note that without these operating funds, the cooperative would be unable to satisfy its mortgage obligations, as well as its obligations to maintain the property, adversely affecting not just the defaulting member, but all of his innocent neighbors. It makes practical sense that the cooperative must have the benefit of access to summary proceedings in order to protect the interests of all of its members.

We also consider the Georgia Supreme Court's observations in *Brandywine*, supra. "Although a member does possess some characteristics of ownership, the terms of the occupancy agreement also limit the rights of each member in many respects inconsistent with ordinary elements of ownership." Id. at 587. The Supreme Court went on to hold that the members of a cooperative, *being tenants*, are not regarded as owners for purposes of claiming a credit under Georgia's homestead exemption. We conclude that the trial court did not err in finding that a landlord-tenant relationship exists in the context of housing cooperatives and accordingly entering judgment in favor of the cooperative.

2. Jordan's remaining enumerations of error are without merit and in light of our holding in Division 1, need not be addressed.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED APRIL 29, 1994 —
RECONSIDERATION DENIED MAY 12, 1994.

Brenda Jordan, *pro se.*
*Storey & Obenschain, Stuart M. Neiman,* for appellee.