### 33161. KING et al. v. HERRON et al.

JORDAN, Justice.

This is an appeal from an order of the trial court overruling the defendants' motion to dismiss and temporarily enjoining them from receiving further compensation as mayor and councilmen of the City of Mountain View.

Herron and others, as citizens of Mountain View, brought a petition against Ray King, individually and as mayor of Mountain View, and certain named councilmen, individually and as councilmen of the City of Mountain View, seeking to enjoin them from receiving any further compensation from the city pursuant to an authorization by the mayor and council fixing the salary of the mayor at

$1,000 per month and the salary of the councilmen at $100 per month beginning January 1, 1977.

After a hearing, the trial court issued its order on November 14, 1977, holding that the change in compensation for the mayor from zero to $12,000 per year and the change in compensation for the councilmen from zero to $1,200 per year constitutes an increase in compensation; that the procedure followed by the mayor and council in increasing their salary was not in conformity with existing law; and issued its temporary injunction.

1. One of the grounds of the motion to dismiss was that the plaintiffs, not claiming to be taxpayers of the city, had no standing to maintain the action. The record shows that the city levies no ad valorem tax. We hold that a citizen or taxpayer of a municipality has standing to question the legality of the expenditure of public funds of the municipality even if such funds are derived solely from license fees, fines, or grants from state or federal sources. Any language in *Ellis v. City of Hapeville,* 203 Ga. 364 (47 SE2d 265) (1948) and similar cases holding to the contrary is expressly overruled and will not be followed.

Another ground of the motion to dismiss was that the plaintiffs were guilty of laches. It is alleged that the ordinance setting the salaries was passed on May 2, 1977. Appellees could not be charged with knowledge of the action complained of prior to this date. The action was filed on October 12, 1977. We cannot say that the trial court erred in overruling the motion to dismiss based on the ground of standing or laches.

2. The charter of the City of Mountain View, as amended by Ga. L. 1967, p. 3323, provides that "The mayor and councilmen of the City of Mountain View shall receive no compensation for their services." Appellants contend that this special act was superseded by the general law known as the Municipal Home Rule Act of 1965 (Ga. L. 1965, p. 298), as amended, which provides that "the governing authority of each incorporated municipality is hereby authorized to *fix* the salary, compensation and expenses of its municipal employees and members of its municipal governing authority. . ." (Emphasis supplied.) See Ga. L. 1975, p. 28. Pretermitting

the question of whether a charter amendment was required before such action could be taken by the governing authority, we conclude that a salary change from zero to $12,000 and $1,200 annually for the mayor and councilmen respectively was an *increase* in salary and not merely the *fixing* of a salary as contended by appellants. It is undisputed that the requirements of the Home Rule Act as amended relative to any action to *increase* the compensation of elective members of the governing authority were not met. For these requirements see Section 5 (a), (b) and (c), Ga. L. 1975, p. 28 (Code Ann. § 69-1019).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 17, 1978 — DECIDED FEBRUARY 22, 1978 — REHEARING DENIED MARCH 7, 1978.

*Wesley R. Asinof,* for appellants.
*Richard G. Pechin, Paul E. Cormier,* for appellees.