41513. THE SALVATION ARMY v. STRICKLAND et al.
(325 SE2d 147)

WELTNER, Justice.

The Salvation Army, as trustee of various intangible personal properties, appeals from a ruling of the superior court which sustained the position taken by the Revenue Commissioner of Georgia that such properties were not exempt from taxation under the provisions of OCGA § 48-6-22 (3).

As the record reveals, The Salvation Army, a charitable and religious organization, has received by gift certain intangible personal properties, for which the several donors received a charitable deduction under the federal income tax laws. The Salvation Army holds legal title, but the incomes from the properties are paid to the several donors, or to their designees, during specified lifetimes. Thereafter, the legal and equitable interests in the properties are merged in The Salvation Army, and the trusts terminate. Additionally, some of the trust agreements provide for encroachment for the benefit of the donor or other designee.

OCGA § 48-6-22 provides that the state intangible tax shall not apply to "[i]ntangible personal property owned by or irrevocably held in trust for the exclusive benefit of a religious, educational, or charitable institution, no part of the net profit from the operation of which inures to any private person." This section was authorized by the Constitution of Georgia of 1976, Art. VII, Sec. I, Par. IV, and was

continued in effect by the Constitution of Georgia of 1983, Art. VII, Sec. II, Par. IV.

Under the statute, three questions arise:

(1) whether the properties in question are devoted to the "exclusive benefit" of a qualifying institution — in view of the payment of income to private beneficiaries;

(2) whether the properties are "irrevocably held" by The Salvation Army — in view of the potential of encroachment; and

(3) whether The Salvation Army is an institution as defined in the statute — in view of the payment by it to private persons of income which might be considered as "part of the net profit from [its] operation."

We need look no further than the provisions of our Constitution which authorized the exemption contained in the statute. Art. VII, Sec. I, Par. IV of the Constitution of Georgia of 1976 provides that "The General Assembly may, by law, exempt from taxation . . . all intangible personal property owned by or irrevocably held in trust for the exclusive benefit of religious, educational and charitable institutions, no part of the net profit from the operation of which *can inure* to the benefit of any private person." (Emphasis supplied.) It will be seen that there is a minor variance between the constitutional grant and the legislative exemption. That becomes immaterial, however, in the light of yet another constitutional condition for the exemption, not reflected in the statute, as follows: "and also provided that such donations of property shall not be predicated upon an agreement, contract, or otherwise that the donor or donors shall receive or retain any part of the net or gross income of the property." Constitution of Georgia of 1976, Art. VII, Sec. I, Par. IV.

Hence, if the legislative provisos do not defeat the exemption in these cases, there is no question that the exemption must be denied, as each donation is specifically "predicated upon an agreement that the donor or donors [or their designees] shall receive or retain . . . part of the net or gross income of the property."

Finally, we reaffirm this long-standing principle, of unquestioned wisdom: "It is a cardinal rule in the construction of grants of exemptions from taxation, whether such grants be by statute or the constitution, that such exemptions should be strictly construed in favor of the public, and that nothing passes by implication." *City of Columbus v. Muscogee Mfg. Co.*, 165 Ga. 259 (1) (140 SE 860) (1927), quoted in *Brandywine Townhouses v. Tax Assessors*, 231 Ga. 585, 587 (203 SE2d 222) (1974).

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Smith J., who concur in the judgment only, and Gregory, J., who concurs specially.*

DECIDED JANUARY 30, 1985.

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, Michael A. O'Quinn, Harry V. Lamon, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Grace E. Evans, Assistant Attorney General, Albert Sidney Johnson, Wade H. Watson III,* for appellees.

GREGORY, Justice, concurring specially.

I agree with the majority opinion that under the 1976 Constitution the General Assembly was authorized to exempt intangible property from ad valorem taxation in certain circumstances "provided that such donations of property [to a qualified charity] shall not be predicated upon an agreement, contract or otherwise that the donor or donors shall receive or retain any part of the net or gross income of the property." Constitution of the State of Georgia, Art. VII, Sec. I, Par. IV. Pursuant to this grant of authority the legislature enacted what is now OCGA § 48-6-22 (3) exempting from ad valorem taxation "intangible personal property owned by or irrevocably held in trust for the exclusive benefit of a religious, educational or charitable institution, no part of the net profit from the operation of which inures to the benefit of any private person." The 1976 Constitutional requirement that there be no contract or agreement by which the donor retains an income interest in the property was not made part of the statutory qualification for exemption. The 1983 Constitution contains no qualifying requirements for exemption from taxation, but states only that "[t]hose types of exemptions from ad valorem taxation provided for *by law* on June 30, 1983, are hereby continued in effect as statutory law until otherwise provided for by law." (Emphasis supplied.) While I agree with the majority that the statutory exemption under OCGA § 48-6-22 (3) is carried forward by the 1983 Constitution, I cannot agree that requirements contained in the 1976 Constitution which were not made part of the statute are carried forward by the 1983 Constitution.

However, I would reach the same result as the majority because it cannot be said that this property is held in trust for the *exclusive* benefit of the Salvation Army. OCGA § 48-6-22 (3). The charitable remainder annuity trusts and unitrusts involved here have been drawn to comply with federal requirements permitting tax deductions for certain charitable contributions. 26 USC § 664; Fed. Tax. Reg. §§ 1.664.1 and 1.664.2. Under the terms of the trust agreements, and to comply with § 664, the donor must annually receive no less than 5% of the fair market value of trust assets at the time of creation in the case of an annuity trust and no less than 5% of the annual fair market value of trust assets in the case of a unitrust. If the trust income

is insufficient to satisfy these amounts, encroachment is necessary. Therefore as the trial court found, the property, whether that be the income interest or the remainder, is not for the exclusive benefit of the Salvation Army. I would affirm the trial court on this basis.