496 S.E.2d 727 (1998)
269 Ga. 202
LOWRY
v.
McDUFFIE, Comr., et al.
JACKSON, Comr., et al.
v.
LOWRY et al.
Nos. S97A2089, S97X2092.
Supreme Court of Georgia.
March 16, 1998.
*728 Robert J. Proctor, Proctor, Felton & Chambers, Atlanta, for William R. Lowry.
Stefan Ernst Ritter, Asst. Atty. Gen., Department of Law, Atlanta, Linda W. Brunt, Assoc. County Atty., Marietta, for Jim McDuffie.
Lou Litchfield, Schulten, Ward & Turner, LLP, Atlanta, Hylton B. Dupree, Jr., Dupree, Johnson & Poole, Marietta, for Amicus Appellee.
SEARS, Justice.
William R. Lowry, who is the appellant in Case No. S97A2089 and the cross-appellee in Case No. S97X2092, brought this action against the Revenue Commissioner of the Georgia Department of Revenue (T. Jerry *729 Jackson), and the Tax Commissioner of Cobb County, Georgia (Jim McDuffie), contending that OCGA § 48-5-472(b), as amended in 1995 and 1997,[1] creates an exemption from ad valorem taxation for dealer-owned motor vehicles that are held for sale or resale; that, contrary to the commissioners' contention, the exemption was not authorized by Art. 7, Sec. 1, Para. 3(b)(3) (Paragraph 3(b)(3)) of the Georgia Constitution; and that the exemption was specifically precluded by Art. 7, Sec. 2, Paras. 1 and 2 of the Georgia Constitution and thus violated those paragraphs of the Constitution. The trial court ruled that Lowry had standing to bring this action, but upheld the statute against Lowry's constitutional challenge. For the reasons that follow, we rule that Lowry has standing to challenge the constitutionality of the statute, but that his constitutional challenge lacks merit.
1. The question whether Lowry has standing to attack the constitutionality of § 48-5-472(b) has been decided favorably to Lowry by this Court in Wasden v. Rusco Industries.[2] In that case, Wasden, a taxpayer of Jenkins County, contended that a tax exemption granted by the Board of Commissioners of Jenkins County to a fellow taxpayer was not authorized by the Georgia Constitution. This Court concluded that he had standing to bring the action.
[Wasden] is a citizen and taxpayer of Jenkins County. Each taxpayer in Jenkins County is required to pay his proper share of the taxes levied there. Each taxpayer has an interest in seeing that no other taxpayer is illegally exempted from the payment of such tax. An illegal exemption places a greater tax burden upon those taxpayers being required to pay. We recognize that the attempted grant of the tax exemption by Jenkins County was motivated by an interest in furthering the industrial development of the community and in the belief that the exemption was authorized. However, the exemption was not authorized and the judgment in action # 1805 declaring otherwise is void on its face. Wasden may attack such judgment because it is material to his interest to have it vacated.[3]
The same reasoning is applicable to the present case, and leads to the conclusion that Lowry has standing to challenge the constitutionality of the § 48-5-472(b). This holding is also consistent with our holdings that a taxpayer has standing to contest the legality of the expenditure of public funds of a municipality;[4] that "an owner of property subject to taxation" has standing to seek to enjoin "taxing authorities from proceeding under [an] alleged void and illegal tax digests;"[5] and that a taxpayer has standing to seek to enjoin public officials from committing ultra vires acts.[6]
2. Having determined that Lowry has standing, we next address whether the trial court properly ruled that § 48-5-472(b) exempts dealer-owned motor vehicles from ad *730 valorem taxation. We conclude that the trial court correctly decided this issue.
In making this determination, we must balance two rules of statutory construction. First, "`[i]t is a cardinal rule in the construction of grants of exemptions from taxation, whether such grants be by statute or the constitution, that such exemptions should be strictly construed in favor of the public, and that nothing passes by implication.' "[7] On the other hand, if the language of a statute "`is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.'"[8]
Subsection (b) of § 48-5-472 provides that "motor vehicles which are owned by a dealer and held in inventory for sale or resale... shall not be returned for ad valorem taxation, shall not be taxed, and no taxes shall be collected on such motor vehicles until they are transferred and then become subject to taxation." Black's Law Dictionary defines the word "exempt" as follows: "To relieve certain classes of property ... from taxation."[9] Because the language of § 48-5-472(b) relieves a certain class of property dealer-owned motor vehicles held for sale or resalefrom taxation, we can only conclude that the statute plainly, not impliedly, grants an exemption from ad valorem taxation for such dealer-owned vehicles.
3. Art. 7, Sec. 2, Para. 1 of the Georgia Constitution provides that "[e]xcept as authorized in or pursuant to this Constitution, all laws exempting property from ad valorem taxation are void." Art. 7, Sec. 2, Para. 2(a)(1) provides that
[e]xcept as otherwise provided in this Constitution, no property shall be exempted from ad valorem taxation unless the exemption is approved by two-thirds of the members elected to each branch of the General Assembly in a roll-call vote and by a majority of the qualified electors of the state voting in a referendum thereon.
In addition, Art. 7, Sec. 2, Para. 2(a)(4) provides that "[t]he requirements of subparagraph (a) shall not apply with respect to ... an exemption authorized pursuant to this Constitution."
These constitutional provisions make clear that, for a law granting a tax exemption to be constitutional, it must have been authorized by a specific provision of the Georgia Constitution, or it must have been created pursuant to the procedure specified Art. 7, Sec. 2., Para. 2(a)(1) of the Constitution.
In this case, Lowry contends that the trial court erred in construing Para. 3(b)(3) of the Constitution to authorize the General Assembly to create the ad valorem tax exemption codified at § 48-5-472(b)(2).[10] If Lowry is correct in this contention, then he is likewise correct that the exemption is unconstitutional since Para. 3(b)(3) of the Constitution is the only possible constitutional authority for enacting the exemption.
In this regard, Lowry urges that Paragraph 3(b)(3) of the Georgia Constitution should not be construed to authorize the legislature to create the exemption granted by § 48-5-472(b)(2) since Paragraph 3(b)(3) does not use the words "exempt" or "exemption," and since, according to Lowry, to so construe Paragraph 3(b)(3) would place it in conflict with Art. 7, Sec. 2, Paras. 1 and 2 of the Georgia Constitution. We disagree with Lowry's contentions, and thus affirm the trial court's ruling.
Paragraph 3(b)(3) of the Georgia Constitution provides, in relevant part, as follows:
Motor vehicles may be classified as a separate class of property for ad valorem property tax purposes, and such class may be divided into separate subclasses for ad valorem purposes. The General Assembly *731 may provide by general law for the ad valorem taxation of motor vehicles including, but not limited to, providing for different rates, methods, assessment dates, and taxpayer liability for such class and for each of its subclasses and need not provide for uniformity of taxation with other classes of property or between or within its subclasses.
We conclude that the plain language of Paragraph 3(b)(3) is broad enough to authorize the General Assembly to grant an exemption to dealer-owned motor vehicles, and that Paragraph 3(b)(3) is not in conflict with Art. 7, Sec. 2, Paras. 1 and 2.
In determining whether Para. 3(b)(3) authorized the General Assembly to create tax exemptions for dealer-owned motor vehicles, we are mindful that the same rule that governs whether a statute grants a tax exemption also applies to exemptions granted by constitutional provisions.[11] Against this consideration, we must balance the rule that this Court must honor the plain and unambiguous meaning of a constitutional provision.[12]
Paragraph 3(b)(3) provides that the General Assembly may classify motor vehicles as a separate class of motor vehicles for ad valorem tax purposes; that it may create subclasses of motor vehicles for ad valorem tax purposes; that it may provide "by general law for the ad valorem taxation of motor vehicles including, but not limited to, providing for different rates, methods, assessment dates, and taxpayer liability for such class and each of its subclasses"; and that it need not "provide for uniformity of taxation with other classes of property or between or within its subclasses." Broader language regarding the General Assembly's power to tax or not to tax motor vehicles can hardly be imagined. Despite Lowry's protestations to the contrary, the plain language of the constitution empowers the General Assembly to create subclasses of motor vehicles and to provide that those subclasses will have no tax liability. Thus, the power to exempt[13] a subclass of motor vehicles from taxation is not granted by implication[14] but by the plain language of Paragraph 3(b)(3).
As a final matter, we find no merit to Lowry's contention that to construe Paragraph 3(b)(3) to authorize the General Assembly to create a tax exemption places it in conflict with Art. 7, Sec. 2, Paras. 1 and 2 of the Constitution. First, the opening clause of Paragraph 1 of Art. 7, Sec. 2, simply provides that all laws exempting property from taxation must be authorized by the Constitution. Because Para. 3(b)(3) is a provision of the Constitution, construing it to authorize the General Assembly to create an exemption does not place it in conflict with Paragraph 1 of Art. 7, Sec. 2.
Second, Paragraph 2(a)(1) of Art. 7, Sec. 2, provides that "[e]xcept as otherwise provided in this Constitution, no property shall be exempted from ad valorem taxation" unless the procedures specified in that subparagraph are followed. Because Paragraph 3(b)(3) is another provision of the Constitution that authorizes the General Assembly to create a tax exemption, it is consistent with the exception provided by the opening clause of Paragraph 2(a)(1) of Art. 7, Sec. 2.
4. For the foregoing reasons, we affirm the judgment of the trial court.
Case No. S97A2089. Judgment affirmed.
BENHAM, C.J., FLETCHER, P.J., SEARS, HUNSTEIN, and THOMPSON, JJ., and Judge PASCHAL A. ENGLISH, Jr., concur.
CARLEY, J., concurs specially.
HINES, J., not participating.
Case No. S97X2092. Judgment affirmed.
*732 BENHAM, C.J., FLETCHER, P.J., SEARS, HUNSTEIN, and THOMPSON, JJ., and Judge PASCHAL A. ENGLISH, Jr., concur.
CARLEY, J., concurs specially.
HINES, J., not participating.
NOTES
[1] See Ga. Laws 1995, p. 809, § 18; Ga. Laws 1997, p. 419, § 36. Following its 1997 amendment, § 48-5-472(b) provides as follows:

Motor vehicles which are owned by a dealer and held in inventory for sale or resale shall constitute a separate subclassification of motor vehicles within the motor vehicle classification of tangible property for ad valorem taxation purposes. The procedures prescribed in this article for returning motor vehicles for ad valorem taxation, determining the applicable rates for taxation, and collecting the ad valorem taxes imposed on motor vehicles do not apply to such motor vehicles which are owned by a dealer. Such motor vehicles which are owned by a dealer shall not be returned for ad valorem taxation, shall not be taxed, and no taxes shall be collected on such motor vehicles until they are transferred and then become subject to taxation as provided in Code Section 48-5-473.
[2] 233 Ga. 439, 444-45(2), 211 S.E.2d 733 (1975) (overruled on other grounds in Murphy v. Murphy, 263 Ga. 280, 283, 430 S.E.2d 749 (1993)).
[3] Wasden, 233 Ga. at 445, 211 S.E.2d 733.
[4] King v. Herron, 241 Ga. 5, 6(1), 243 S.E.2d 36 (1978).
[5] Griggs v. Greene, 230 Ga. 257, 262-63(1), 197 S.E.2d 116 (1973).
[6] Arneson v. Board of Trustees of Employees' Retirement System of Georgia, 257 Ga. 579(2), 361 S.E.2d 805 (1987). In the present case, Lowry's contention that dealers are granted an exemption that violates the Georgia Constitution raises the possibility of ultra vires actions by public officials. Id. at 581-82, 361 S.E.2d 805.
[7] Salvation Army v. Strickland, 253 Ga. 758, 759, 325 S.E.2d 147 (1985) (City of Columbus v. Muscogee Mfg. Co., 165 Ga. 259(1), 140 S.E. 860 (1927)).
[8] Garrard v. Hicks, 266 Ga. 181, 182, 465 S.E.2d 665 (1996) (quoting Rayle EMC v. Cook, 195 Ga. 734, 735, 25 S.E.2d 574 (1943)).
[9] Black's Law Dictionary, p. 513 (5th ed. 1979).
[10] We note that Lowry did not file an enumeration of error challenging the ratification of Art. 7, Sec. 1, Para. 3(b)(3) in 1992. For this reason, that issue will not be decided on appeal.
[11] Salvation Army, 253 Ga. at 759, 325 S.E.2d 147.
[12] Irwin v. Busbee, 241 Ga. 567, 567-68, 247 S.E.2d 103 (1978).
[13] See the definition of "exempt" in Black's Law Dictionary, p. 513 (5th ed. 1979) ("[t]o relieve certain classes of property ... from taxation").
[14] See Salvation Army, 253 Ga. at 759, 325 S.E.2d 147.