## A08A1887. HAMPTON v. NESMITH.
### (669 SE2d 489)

BLACKBURN, Presiding Judge.

In this domestic relations matter, Yolanda Hampton appeals the portion of a judgment that delayed the effective date of the upward modification of Kenneth Nesmith's child support obligation for their daughter, arguing that the trial court abused its discretion in ordering such a delay. For the reasons set forth below, we vacate the portion of the trial court's judgment that delayed the effective date of the upward modification of child support but otherwise affirm.

We review a trial court's ruling on a modification petition for abuse of discretion, and we will uphold the factual findings underlying the ruling if they are supported by any evidence. *Sharpe v. Perkins*.[1] However, "where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm." (Punctuation omitted.) *Monroe v. Taylor*.[2]

The record shows that Nesmith and Hampton, who have never been married, are the parents of an eight-year-old daughter S. N. Nesmith legitimated S. N. as his child in December 2003. On July 22, 2004, the original court ordered Nesmith to pay $525 per month for the support of S. N. and recognized Hampton's right to collect any arrearage that should accrue under that order as provided by law, including garnishing Nesmith's wages pursuant to OCGA § 19-6-30 (a). The court also ordered Nesmith to provide his daughter with medical and dental insurance. On March 31, 2006, Nesmith filed a petition, which sought joint physical and legal custody of S. N. In the

[1] *Sharpe v. Perkins*, 284 Ga. App. 376, 379 (2) (644 SE2d 178) (2007).
[2] *Monroe v. Taylor*, 259 Ga. App. 600 (577 SE2d 810) (2003).

same petition, Nesmith also requested the right to visit his daughter and a downward modification of his child support obligation. Hampton filed an answer and counterclaim,[3] in which she sought approximately $3,600 in unpaid child support from Nesmith and an upward modification of his monthly child support obligation.

On July 25, 2007, the court held a bench trial on Nesmith's custody petition and Hampton's counterclaims. Nesmith testified regarding his request for joint physical and legal custody of S. N., as well as his request for visitation. He also admitted that he was in arrears on child support payments. Hampton testified that Nesmith owed $3,990 in unpaid child support. She also provided evidence that Nesmith's income had increased since the original child support order had been entered and thus argued that his support obligation should be increased.

After the trial's conclusion, the court entered an order, which awarded joint legal custody of S. N., primary physical custody to Hampton, and visitation rights to Nesmith. The court also awarded Hampton $2,383 in attorney fees and found Nesmith in contempt for failure to pay $3,990 in child support. The court further ordered him to repay the arrearage at the rate of $300 per month beginning October 1, 2007 in order to avoid incarceration. Pursuant to OCGA § 19-6-30 (a), the court included the following language in its order:

> Whenever, in violation of the terms of this order there shall have been a failure to make child support payments due hereunder so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may be collected by the process of continuing garnishment for support.

The court also entered an income deduction order against Nesmith pursuant to OCGA § 19-6-32 (a) (1). Additionally, the court found that Nesmith's income had increased and thus ordered an increase in his child support payments from $525 to $800 per month. However, the court ordered that this increase be delayed until October 1, 2008, so as to allow Nesmith to first pay off the arrearage. This discretionary appeal followed.

---

[3] We note that a respondent to a modification petition may counterclaim to hold the petitioner in contempt for failure to pay child support. See *Buckholts v. Buckholts*, 251 Ga. 58, 61 (1) (302 SE2d 676) (1983).

In her sole enumeration of error, Hampton contends only that the trial court erred in delaying the effective date of the upward modification of Nesmith's child support obligation for 15 months.[4] We agree.

"The child support guidelines are mandatory and must be considered by a trier of fact setting the amount of child support." *Swanson v. Swanson*.[5] We note that there is no provision within the Child Support Guidelines statute (OCGA § 19-6-15) that explicitly precludes a trial court's authority to order a complete delay of an upward modification of child support such as that ordered here. However, upon review of that statute in its entirety, we find it persuasive that the only subsection of the statute that discusses the timing or implementation of an upward modification contains no language that would support the type of complete delay ordered by the trial court in this matter. To the contrary, with regard to modification awards, OCGA § 19-6-15 (k) (3) (B)[6] provides:

> If there is a difference of 30 percent or more between a new award and a Georgia child support order entered prior to January 1, 2007, the court may, at its discretion, phase in the new child support award over a period of up to two years with the phasing in being largely evenly distributed with *at least an initial immediate adjustment* of not less than 25 percent of the difference and at least one intermediate adjustment prior to the final adjustment at the end of the phase-in period.

(Emphasis supplied.) Thus, under this Code section, while a trial court may delay the full implementation of an upward modification via a phase-in, it must provide for some amount (not less than 25 percent) of the new award to take effect immediately.

Here, the upward modification was more than a 50 percent increase of the original child support award, but rather than ordering a phase-in of the modification, the trial court ordered that it not take effect at all for 15 months. In doing so, the trial court apparently ignored the directive in OCGA § 19-6-15 (k) (3) (B) that at least a portion of the adjustment take effect immediately. Furthermore, the trial court's order "fails to take into account that Georgia law provides that the express mention of one thing in an Act or statute implies the exclusion of all other things." (Punctuation omitted.)

---

[4] Nesmith failed to file an appellee's brief.

[5] *Swanson v. Swanson*, 276 Ga. 566, 567 (580 SE2d 526) (2003).

[6] The pertinent provisions of OCGA § 19-6-15 became effective on January 1, 2007, and applied to all pending civil actions on or after that date. See Ga. L. 2006, p. 583, § 10 (b).

*Allen v. Wright*.[7] Indeed,

> [p]ursuant to the principle of statutory construction, "Expressum facit cessare tacitum" (if some things are expressly mentioned, the inference is stronger that those omitted were intended to be excluded) and its companion, the venerable principle, "Expressio unius est exclusio alterius" ("The express mention of one thing implies the exclusion of another"), the list of actions in a statute is presumed to exclude actions not specifically listed, and the omission of additional actions from the statute is regarded by the courts as deliberate.

(Citations and punctuation omitted.) Id. at 14 (3). See *Alexander Properties Group v. Doe*.[8] Given the fact that OCGA § 19-6-15 (k) (3) (B) is the only statute that specifically provides the manner in which a delay of the full effect of an increase in child support is to be implemented, we conclude that the legislature intended for that Code section to be the exclusive means by which to implement any delay. See *Allen*, supra, 282 Ga. at 14 (3); *Alexander Properties Group*, supra, 280 Ga. at 309 (1); *BankWest, Inc. v. Oxendine*.[9]

Moreover, because arrearages cannot be considered in reducing gross income for child support calculations, see OCGA § 19-6-15 (f) (5) (B) (v), it would hardly be consistent to allow those arrearages to delay a statutorily outlined child support increase, particularly where the only seemingly permissible ground for delay is expressly addressed in the statute. Although we have no doubt that the trial court did not intend to condone Nesmith's past failure to pay child support by delaying the effective date of the upward modification, the effect of its order is to preclude Hampton from collecting the arrearage pursuant to OCGA § 19-6-30 (a), which was quoted in the original July 2004 order. The upward modification must be made pursuant to OCGA §§ 19-6-15 (f) (5) (B) (v) and 19-6-30 (a) so as not to create a de facto forgiveness or postponement of the payment of Nesmith's arrearages. See *Ga. Dept. of Human Resources v. Prater*[10] (a reduction in child support arrearage constitutes an improper, retroactive modification of support obligations). See also *Ga. Dept. of Human Resources v. Chambers*[11] (trial court erred by postponing

---

[7] *Allen v. Wright*, 282 Ga. 9, 13 (3) (644 SE2d 814) (2007).

[8] *Alexander Properties Group v. Doe*, 280 Ga. 306, 309 (1) (626 SE2d 497) (2006).

[9] *BankWest, Inc. v. Oxendine*, 266 Ga. App. 771, 774 (1) (598 SE2d 343) (2004).

[10] *Ga. Dept. of Human Resources v. Prater*, 278 Ga. App. 900, 902 (2) (630 SE2d 145) (2006).

[11] *Dept. of Human Resources v. Chambers*, 211 Ga. App. 763, 766 (2) (441 SE2d 77) (1994).

payment of arrearage until child reached age of 18). Even unintentional rewarding of dilatory behavior does not comport with the statutory scheme of encouraging compliance with child support orders. While Nesmith may avoid further punishment for contempt by compliance with the trial court's order, Hampton is not precluded thereby from pursuing other legal remedies to collect any outstanding arrearage.

Accordingly, we vacate the portion of the trial court's judgment that delayed the upward modification for Nesmith's child support obligation for 15 months and effectively delayed Hampton's right to collect arrearages, remand the case to the trial court for further proceedings consistent with this opinion, but otherwise affirm.

*Judgment affirmed in part and vacated in part, and case remanded. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 13, 2008.

*Celeste F. Brewer*, for appellant.
Kenneth Nesmith, *pro se*.

