## A10A0234. CHOICEPOINT SERVICES, INC. v. GRAHAM et al.

(699 SE2d 452)

PHIPPS, Presiding Judge.

The issue in this case is whether purchases of electronically-delivered computer software that were not subject to sales tax qualify as purchases of computer equipment within the meaning of OCGA § 48-8-3 (68) (A) (which essentially allows certain types of companies to claim exemptions from or refunds of sales tax where they have purchased more than $15 million per calendar year in computer equipment), when the statute makes no distinction as to the manner in which the software was delivered or as to the general taxability of the sales. We hold that such software purchases do qualify and should be included in determining whether the $15 million threshold has been met.

ChoicePoint Services, Inc., a high-technology company, filed a claim with the Georgia Department of Revenue seeking a refund of sales tax the company paid when it purchased computer equipment in 2002 and 2003. In 2002, ChoicePoint purchased $13,857,985 in tangible computer equipment (tangible personal property and software delivered in tangible form) and $1,739,921 in computer software delivered electronically, for a total exceeding $15 million. In 2003, ChoicePoint purchased $13,299,781 in tangible computer equipment (tangible personal property and software delivered in tangible form) and $3,599,016 in software delivered electronically, for a total exceeding $15 million.[1] The parties have agreed that the electronically-delivered software purchases were not taxable transactions.

The claim was filed pursuant to OCGA § 48-8-3 (68) (A) (the "high-technology exemption statute"), which exempts from Georgia sales and use tax "[t]he sale or lease of computer equipment to be incorporated into a facility or facilities in this state to any high-technology company . . . where such sale of computer equipment for any calendar year exceeds $15 million."[2] The statute defines "computer equipment" as "any individual computer or organized assem-

---

[1] The parties have stipulated to the facts set forth in this paragraph.

[2] See Ga. Comp. R. & Regs. r. 560-12-2-.107 (3) (d) (providing for refund of taxes collected on equipment purchase).

bly of hardware or software."[3]

In calculating whether the minimum expenditure threshold for the exemption had been met in this case, the Department of Revenue included the tangible equipment purchases (including tangible software), but did not include the purchases of electronically-delivered (intangible) computer software. The Department of Revenue omitted from the calculations the purchases of electronically-delivered software, stating that those purchases had not been otherwise subject to sales tax. When the purchases of software delivered by electronic means were not included, ChoicePoint's purchases did not reach the statute's $15 million threshold. Accordingly, the Department of Revenue denied the refund claim.

ChoicePoint filed an action in superior court against the Department of Revenue and Bart L. Graham, in his official capacity as the Revenue Commissioner of the State of Georgia (collectively, the Department), seeking to recover a refund of the sales tax it had paid. The parties moved for summary judgment. The court granted the Department's motion and denied ChoicePoint's motion, stating at the hearing that the exemption statute applied only to sales of tangible equipment because only such sales were taxable. We granted ChoicePoint's application for discretionary appeal.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[4] On appeal from the grant or denial of a motion for summary judgment, this Court must conduct a de novo review of the evidence and view the undisputed facts in the light most favorable to the nonmoving party.[5]

ChoicePoint argues that the superior court erred in holding that the phrase "sale of computer equipment" in OCGA § 48-8-3 (68) (A) includes only taxable purchases of computer equipment, where the statute defines computer equipment as *any* computer hardware or software. We agree with ChoicePoint.

"In construing an act of the General Assembly, a court must first look to the literal meaning of the act. If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it according to its terms."[6] And while exemptions from taxation should be strictly construed in favor of the public,[7] "if

---

[3] OCGA § 48-8-3 (68) (C) (i).

[4] OCGA § 9-11-56 (c).

[5] *McDowell v. Smith*, 285 Ga. 592 (678 SE2d 922) (2009); *McCall v. Couture*, 293 Ga. App. 305 (666 SE2d 637) (2008).

[6] *McDaniel v. Elliott*, 269 Ga. 262, 264 (1) (497 SE2d 786) (1998) (citation omitted).

[7] *Lowry v. McDuffie*, 269 Ga. 202, 204 (2) (496 SE2d 727) (1998); see *Cherokee Brick &c. Co. v. Redwine*, 209 Ga. 691, 692-693 (75 SE2d 550) (1953) (tax statute is liberally construed

the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms."[8] In this case, the statutory language is plain and must be construed according to its terms.

The high-technology exemption statute defines computer equipment as *any* computer hardware or software.[9] Further, the exemption statute provides that "computer equipment" *shall not include* telephone central office equipment or other voice data transport technology, equipment with imbedded computer hardware, or software that is primarily used for training, product testing, or in a manufacturing process.[10] By specifically listing the items that do not come within the exemption statute, the legislature showed its intent not to exclude items that were not listed.[11] The statute specifically set forth the requirements for the sales tax exemption, and the Department and the court were not authorized to alter the statute's express language. The computer software in this case, whether otherwise taxable or not, should have been considered in determining if the $15 million threshold was met.

We are not convinced by the Department's argument that the high-technology exemption statute's phrase "sale of computer equipment" contemplates only property that is tangible and (therefore) subject to sales tax. The Department cites OCGA § 48-8-2 (8) (A) (now (33) (a)), which defines "sale," in relevant part, as any transfer of title or possession of tangible personal property.

The Department's position ignores the definition of computer equipment provided within the high-technology exemption statute, which states that computer equipment includes *any* computer software. While the Department urges that the legislature's intent in enacting the sales and use tax article is, in relevant part, to exercise its power to tax the purchase or sale of tangible personal property,[12] the article does not limit its taxation power only to the sale of tangible personal property.[13] Moreover, "(a)s long as the statutory language is clear and does not lead to an unreasonable or absurd

---

in favor of taxpayer and against taxing authority, but exemptions are construed strictly).

[8] See *Lowry*, supra (punctuation and footnote omitted).

[9] OCGA § 48-8-3 (68) (C) (i).

[10] Id.

[11] See *Hampton v. Nesmith*, 294 Ga. App. 514, 516-517 (669 SE2d 489) (2008).

[12] OCGA § 48-8-1.

[13] See, e.g., OCGA § 48-8-2 (31) (retail sales include some sales of or charges for telephone services, transportation, electricity, lodging furnished to transients, and entertainment); OCGA § 48-8-30 (a) (imposing a tax on retail purchase, retail sale, rental, storage, use or consumption of tangible personal property and on services described in article).

result, it is the sole evidence of the ultimate legislative intent."[14] And, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent, to resolve any inconsistency between them.[15] To the extent the statutes are inconsistent, the high-technology exemption statute's *any* software language controls.

Nor are we convinced by the Department's argument that OCGA § 48-8-3 (68) (B) "makes clear that . . . tax must be collected" for a sale to qualify under the high-technology exemption statute. OCGA § 48-8-3 (68) (B) provides, in pertinent part, that any person making a sale of computer equipment to a high-technology company as specified in subparagraph (A) of that paragraph shall collect the tax imposed on the sale unless the purchaser furnishes the seller with a certificate issued by the commissioner showing that the purchaser is entitled to purchase the computer equipment without paying the tax. Nothing in subparagraph (B) states that only purchases that have been subject to sales tax come within subparagraph (A). Statutes should be read according to their natural and most obvious import of the language, without resorting to subtle and forced constructions to limit or extend their operation. We will not adopt a tortured reading of an otherwise plain statute.[16]

The Department also relies upon its administrative rules and regulations to support its position. It cites Ga. Comp. R. & Regs. r. 560-12-2-.107 (1), which provides that the high-technology exemption statute applies to transactions that "involve the purchase or lease of computer equipment *not otherwise exempt under Chapter 8 of Title 48* of the Official Code of Georgia Annotated."[17] The Department argues that sales of electronically-delivered software fall outside of the high-technology exemption statute because they are "otherwise exempt" from sales tax. To support its position, the Department also cites Ga. Comp. R. & Regs. r. 560-12-2-.111 (4) (a), which provides that "software delivered electronically is not a sale of tangible personal property and therefore is not subject to sales or use tax." This argument is without merit.

First, Chapter 8 of Title 48 specifies those items and services that are exempt from sales and use tax; electronically-delivered

---

[14] *Shorter College v. Baptist Convention &c.*, 279 Ga. 466, 470 (614 SE2d 37) (2005) (citations and punctuation omitted).

[15] *Marshall v. Speedee Cash &c.*, 292 Ga. App. 790 (665 SE2d 888) (2008); see *Ga. Mental Health Institute v. Brady*, 263 Ga. 591, 592 (2) (436 SE2d 219) (1993).

[16] See generally *American Home Products Corp. v. Ferrari*, 284 Ga. 384, 392 (4) (668 SE2d 236) (2008).

[17] See Ga. Comp. R. & Regs. r. 560-12-2-.107 (1) (emphasis supplied).

software is not listed.[18] Second, even if Ga. Comp. R & Regs. r. 560-12-2-.107 (1) could be read to limit the high-technology exemption to transactions that are otherwise subject to sales tax (as opposed to transactions that are not exempt from sales tax under Chapter 8 of Title 48), the limitation is invalid to the extent that it exceeds the scope of and is inconsistent with OCGA § 48-8-3 (68) (A), the statute upon which it is predicated.[19] The cited regulation purports to exclude from the $15 million threshold calculation the purchases of computer equipment that the statute had included. The legislature could have defined "computer equipment" in the high-technology exemption statute to include only tangible property or only property that was otherwise subject to sales tax, but it did not.[20]

We realize that "the interpretation of a statute by an administrative agency which has the duty of enforcing or administering it is to be given great weight and deference."[21] However, courts are not bound to blindly follow an agency's interpretation of a statute.[22] Here, the statutory language is clear, and the Department's interpretation of the statute neither reflects the plain language of the statute nor comports with the intent of the legislature.

Accordingly, the court erred in granting the Department's motion for summary judgment and in denying ChoicePoint's cross-motion for summary judgment.

*Judgment reversed. Miller, C. J., and Johnson, J., concur.*

DECIDED JULY 15, 2010 — 

*Sutherland, Jennifer N. Ide, Jonathan A. Feldman, W. Scott Wright*, for appellant.

*Thurbert E. Baker, Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michele M. Young, Assistant Attorney General*, for appellee.

---

[18] See OCGA § 48-8-1 et seq.

[19] See generally *Dept. of Human Resources v. Anderson*, 218 Ga. App. 528, 529 (462 SE2d 439) (1995).

[20] See generally *Collins v. American Telephone &c. Co.*, 219 Ga. App. 196, 198 (1) (464 SE2d 642) (1995).

[21] *Ga. Dept. of Revenue v. Owens Corning*, 283 Ga. 489, 490 (660 SE2d 719) (2008).

[22] *Center for a Sustainable Coast v. Coastal Marshlands Protection Comm.*, 284 Ga. 736, 741 (2) (670 SE2d 429) (2008).